P. J. WILLIS & BRO. v. D. T. SMITH ET AL.

(Case No. 2237)

1. DECEDENTS—FRAUDULENT CONVEYANCE—EFFECT—CREDITORS—PARTIES—Plaintiffs sought to subject to the payment of a note, certain property claimed to have been conveyed by a deceased maker of the note in fraud of his creditors, and also to subject the proceeds of property descended to the maker's heirs and sold by them. This suit was brought in the district court; afterwards, an administrator was appointed, the claim sued on was presented to and accepted by him, and approved by the county court. *Held*:

(1) That the acceptance and approval of the claim constituted it a judgment against the estate, and, ordinarily, plaintiff would have been required to go into the county court to obtain satisfaction of it;

(2) The administrator was the proper party to sue for such property as descended to the heirs, and no creditor, pending the administration, could sue for its recovery.

(3) Property conveyed by a decedent, in fraud of his creditors, constitutes no part of his estate; it passes to his grantee, subject only to the right of his prior creditors, and no title descends to his heirs or vests in his executor or administrator. Only such prior creditors can sue to subject the property to their claim.

(4) Plaintiffs, having a judgment against the estate, and the estate being insolvent, were entitled to subject property conveyed, in fraud of their debt, to the payment of their judgment.

(5) The property so conveyed formed no part of the estate; the county court had no control over it, and plaintiffs could maintain their suit in the district court, except so far as it claimed to have property descended to the heirs subjected to their demand.

APPEAL from Gonzales.    Tried below before the Hon. George McCormick.

The opinion states the facts.

*Spooner & Burgess* and *Joseph O' Connor*, for appellants, cited: Patterson v. Allen, 50 Tex. 23; Rogers v. Kennard, 54 Tex. 30; Smith v. Smith, 11 Tex. 102; Long v. Wortham, 4 Tex. 31; Wilson v. Davis, 37 Ind. 141; Manwaring v. Kouns, 35 Tex. 171; Nash v. Williams, 20 Wallace 226; Doe v. Childress, 21 Wallace 642; Evans v. Perciful, 5 Pike, 424; Boone v. Revis, 44 Tex. 384.

No briefs on file for appellees.

WILLIE, CHIEF JUSTICE. — The present suit was instituted for the purpose of obtaining a judgment upon a note executed to the appellants by the firm of Laird & Smith, and of subjecting to its payment certain articles of property alleged to have been conveyed by Laird, formerly one of the partners of the firm, but then deceased, in fraud of his creditors.    It was also sought to have applied to the payment of the judgment, when obtained, any money that might be in the hands of one W. W. Smith, collected by him under a power of attorney from the heirs of Laird, for the purposes of paying the separate debts of said decedent.    At the time the suit was commenced, there was no administration upon the estate of Laird; but, about two years thereafter, an administrator was appointed, and the claim sued on, having been presented, was accepted by him and approved by the county court.

More than three years after the appointment of the administrator, one of the defendants filed a plea in abatement to the plaintiffs' suit, alleging the qualification of the administrator, and that the suit could not be maintained by the plaintiffs, but that it should be prosecuted by the administrator, for the purpose of paying the legal debts that might be established against the estate.    This plea was sustained by the court below, and the cause dismissed, except as to Smith, the surviving partner, against whom judgment was rendered    From this judgment of dismissal, an appeal is prosecuted to this court.

The acceptance and approval of the claim sued on constituted it a judgment against the estate of Laird. The ordinary manner of enforcing this judgment would have required the plaintiffs to go into the county court and obtain an order for its payment, or for the sale of property, in satisfaction of it. But the plaintiffs alleged that Laird's estate was insolvent, and, hence, they sought to subject to the judgment property that had been conveyed by the deceased, in fraud of his creditors, subsequent to the accrual of their debt, and the proceeds of such as had descended to his heirs, and had been sold by them. To obtain such relief, at the date when the suit was brought, they were necessarily driven to the district court, as there was no administration then opened upon the estate. As to whether or not the suit should have abated upon the filing of the plea, after the administrator had qualified, must depend upon the right of the plaintiffs to prosecute any of the causes of action alleged by them, in the district court, notwithstanding the pendency of the administration.

There can be no doubt but that the administrator was the proper party to sue for such property as descended to the heirs upon the death of Laird. This property came to them charged with Laird's debts, and the administrator was entitled to its possession and management, for the purpose of paying, as far as possible, all claims against the estate. Pending an administration, no one creditor, nor any combination of creditors, has any right to such property, or can bring suit for its recovery. They must have it subjected to their debts through the county court, and the proper officer of that court, viz., the administrator, must bring such suits as are necessary to reduce it to possession, and bring it within the jurisdiction and control of that tribunal. But the case is different when property has been conveyed by a decedent in fraud of his creditors. Such property forms no part of his estate, and, hence, the administrator has no concern with it whatever. All the title of the grantor passed to his fraudulent grantee, subject only to the right of the defrauded creditor to have the conveyance set aside, so far as his debt is concerned, and the property made liable for its payment.

As to subsequent creditors, the title of the grantee is good, and the fraudulent grantor has no right in it whatever. He has no title which can descend to his heirs, or vest in his executor or administrator for the payment of debts. As none but prior creditors have any claim against the property, and the estate has no title to it, these creditors are the only parties who can sue to subject it to their debts, and an administrator would not be a proper plaintiff in such a proceeding. From these views, it follows that the appellants hav-

ing a judgment against the estate of Laird, and his estate being insolvent, were entitled to subject property conveyed in fraud of their debt to the payment of their judgment. The administrator of Laird was not authorized to sue for the property, for the purpose of administering it, as it could under no circumstances form part of the estate. Forming no part of the estate to be administered, the county court could have no jurisdiction or control over it, and, hence, the court should not have sustained the plea in abatement. The plaintiffs should have been allowed to proceed with their action, so far as it sought to subject any property conveyed by Laird, in fraud of the plaintiffs' claim, to the payment of the judgment; and the suit could be dismissed only so far as it claimed to have any property which descended to the heirs made liable to the plaintiffs' demand.

For the error of the court in sustaining the plea in abatement, and dismissing the suit, the judgment must be reversed and the cause remanded.

                                REVERSED AND REMANDED.

[Opinion delivered March 12, 1886.]