## CAVAZOS v. GUTIERREZ et ux. (No. 8063.)

Court of Civil Appeals of Texas. San Antonio. Nov. 7, 1928.

Gause & Kirkpatrick, of Mercedes, for appellant.

John A. Jones, of Brownsville, for appellees.

COBBS, J. Appellant sued appellees in trespass to try title to recover a plot of land, an alleged part of her homestead, in Hidalgo county, Texas.

Appellees answered that appellant sold the same to them under the terms of an oral agreement for $200, on condition that they would build a residence thereon, and after the completion thereof would pay the money to them. Appellant says that the property agreed to be sold was on the north end of the tract, but, while the appellee admits the terms of the verbal sale, he denies that the property was on the north side and contends that it was on the south side; that when appellees, with appellant's knowledge, located, took possession, and made valuable improvements, such as the erection of a home thereon, and finished two rooms, of the value of $900, appellant brought this suit and sequestered the property.

There is no dispute about the law applicable to verbal sales of real estate as being unenforceable. R. S. art. 3995. The case was tried by the court without a jury and the court, after hearing all the evidence, pro and con, adjudged the property to appellees, and among other things set out the following findings of fact, in favor of appellees:

"It is therefore ordered, adjudged and decreed by the court that plaintiff be and she is hereby required to execute a good and sufficient deed conveying said above-described premises to defendants herein within 60 days from the date hereof and deliver same to the clerk of this court to be delivered to defendants herein upon said defendants tendering into this court and placing with the clerk of this court, the sum of money hereinafter stated.

"And it further appearing to the court that plaintiff on September 1, 1927, sequestered said above-described premises and improvements and ousted defendants from the possession thereof, and that the reasonable rental value of said above-described premises since defendants have been ejected therefrom is the sum of $50, and that such amount should be deducted from the purchase price they agreed to pay plaintiff for said above-described premises:

"It is therefore ordered, adjudged, and decreed that same be and is hereby deducted from the purchase price of said land and that said defendants be required to tender into this court the sum of $100, within 60 days from the date

hereof, to be by the clerk of this court turned over to plaintiff, said clerk of said court taking plaintiff's receipt therefor, which shall serve as a full and complete release to said clerk from any further liability in this cause.

"It is further ordered, adjudged and decreed by the court that, in the event said defendants do not tender into court said sum of money within the time herein specified, then that plaintiff do have and recover of and from said defendants and each of them the title and possession to said above-described property, for which she may have her writ of possession."

The statement of facts shows full testimony supporting the court's findings. And when there is, as here, full testimony pro and con, on the questions at issue, appellate courts are not permitted to disturb such findings.

A verbal sale of land does not convey title, unless the vendee takes possession and makes valuable improvements. Keith v. Keith, 39 Tex. Civ. App. 363, 87 S. W. 384; Bringhurst v. Texas Co., 39 Tex. Civ. App. 500, 87 S. W. 893.

In view of the court's findings, we feel compelled to follow them, and therefore overrule all the assignments and points of law presented by appellant, and affirm the judgment.