## BALL v. CUNDIFF et al.

### No. 13887.

Court of Civil Appeals of Texas. Fort Worth.

March 31, 1939.

Rehearing Denied April 28, 1939.

T. J. Ramey and Vern D. Adamson, both of Sulphur Springs, for appellant.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, for appellee Snowden & McSweeney Co.

C. C. McKinney, of Cooper, and Jackson & Stell, Emmet Thornton, and R. D. Allen, all of Sulphur Springs, for appellees Ira Cundiff and H. J. Cox.

DUNKLIN, Chief Justice.

This suit was instituted by Jess Ball, as the duly appointed and acting executor of the estate of H. M. Ball, deceased, in trespass to try title to different tracts of land, aggregating 240 acres, described as being in Hopkins County, Texas, and he has prosecuted this appeal from an order of court sustaining pleas in abatement of his suit for lack of necessary parties defendants, and dismissing it after he had declined to amend.

In Plaintiff's first amended petition, to which the pleas in abatement sustained by the court were addressed, the facts on which he claimed title were specially pleaded, and they may be briefly summarized as follows:

The 240 acres sued for were acquired by deed from J. H. Crisp and wife to H. M. Ball, on September 19, 1911. Mrs. Delila A. Ball was then his wife and the property was therefore community property, in which she acquired an undivided half interest.

During the year 1914, Mrs. Delila A. Ball died, in Hopkins County, Texas, intestate, leaving as her heirs at law eight children, viz., Mrs. Eliza Sutpha, Martha Cole (now Mrs. Martha Cox, wife of R. J. Cox), Mrs. Norma McKee, Mrs. Zallie Lane, Mrs. Maude Harry, and three sons, namely, Charlie Ball, Edgar Ball and Jess Ball, the executor of the will of H. M. Ball, deceased, plaintiff in this suit. Those heirs therefore inherited through their mother an undivided one-half interest in

the property sued for, share and share alike.

On July 12, 1915, H. M. Ball took out letters as community administrator of the community property of himself and his deceased wife, Mrs. Delila A. Ball, and under that appointment, took possession and control of that community estate.

On the 16th day of May, 1921, H. M. Ball departed this life, leaving a last will and testament, naming plaintiff, Jess Ball, as executor. On April 21, 1923, the will was duly probated in the County Court of Hopkins County, and plaintiff was duly appointed and later qualified as executor of the will. On May 2, 1923, he filed an inventory and appraisement of the estate of H. M. Ball, deceased, in which the only real estate listed was "80 acres of land out of the Nancy Webb Survey in Hopkins County, Texas, appraised value $2,400.00", and "80 acres in Polk County, Arkansas, against which there is $1,800.00 and interest", which was appraised at $2,000. Other assets listed were household furniture and plow tools, two mules and two V. L. notes for $1,200 each, with interest, against Tom Hooten of Klondike.

All the documents noted above were attached to and made a part of plaintiff's petition. According to further allegations in the petition, on February 14, 1926, H. J. Cox and wife, Martha Cox, under adverse claim of title, ejected plaintiff from possession of the lands sued for, by executing an oil and gas lease thereon to T. J. Moore, who assigned same to defendants, Snowden & McSweeney, on February 20, 1936, and on January 1, 1930, they executed another lease on part of the land to Ira Cundiff.

On the hearing of the pleas in abatement filed by defendants H. J. Cox and Ira Cundiff and Snowden & McSweeney, for lack of necessary parties defendant, said defendants introduced in evidence plaintiff's first amended original petition and uncontroverted testimony of H. J. Cox, husband of Martha Cole Cox, one of the children of Mrs. Delila A. Ball, deceased, who survived her, as noted above.

In plaintiff's first amended original petition, which was the pleading on which he was relying when the plea in abatement was heard, the only defendants named and from whom a recovery was sought, were Ira Cundiff, H. J. Cox and Snowden & McSweeney, a corporation.

■■ It was plaintiff's statutory duty to include in the inventory and appraisement filed by him a full list of all the property owned by H. M. Ball at the time of his death, and the inventory returned by him was prima facie evidence that it included all the property owned by H. M. Ball at the time of his death, in the absence of any of the exceptions stated in Vernon's Texas Civil Statutes, Art. 3424. Nor could the listing of the 80 acres in Hopkins County as part of the estate affect the title of the heirs of Mrs. Delila A. Ball to their ½ interest therein. 3 Tex. Jur., par. 156, p. 32, par. 161, p. 737, and decisions there cited.

■ That inventory was sufficient of itself to abate plaintiff's suit for 160 acres of the land sued for. Willis & Bro. v. Smith, 65 Tex. 656; Powell v. Stephenson, Tex.Civ.App., 189 S.W. 570.

■ According to allegations in plaintiff's petition, and exhibits made a part thereof, only an undivided half interest in the 80 acres shown in the inventory belonged to the estate of H. M. Ball; the other half being owned by the eight children of Mrs. Delila Ball, deceased. Clearly these heirs were necessary parties to plaintiff's suit for full title. But neither Mrs. Martha Cole Cox nor any of the other seven of those heirs was made a party defendant to plaintiff's first amended original petition.

■■ The lack of such necessary parties was apparent from the face of plaintiff's said petition, and the court could, of its own motion, have taken notice of that vice and dismissed the suit by reason thereof, in the absence of any plea in abatement; and assuredly so with such a plea presented.

■ The following statement in 32 Tex. Jur., par. 67, p. 105, is sustained by numerous decisions cited: "When in the development of the case it is found that additional parties are necessary in order properly to adjust equities and prevent multiplicity of suits, the court of its own motion may and will stay proceedings until such parties are brought in. Indeed it has been decided that the court commits fundamental error in proceeding to a final judgment without the presence of the essential parties. But this duty of the court does not, of course, arise where the absent persons are not necessary parties." See, also, par. 88, p. 128, of the same volume.

In Adams v. Bankers' Life Co., 36 S.W. 2d 182, 185, in opinion by the Commission

of Appeals, expressly approved by the Supreme Court, this is said:

"The nonjoinder of a party necessary to the main issue is fundamental, and requires either a dismissal of the suit or a stay of proceedings until such party can be brought in. This is the rule, no matter when or how the absence of such party may become apparent. De La Vega v. League, 64 Tex. 205; Buffalo Bayou Ship Channel Co. v. Bruly, 45 Tex. [6] 8.

"The objection of nonjoinder of such a party may be made by plea in abatement, general demurrer, special exception, motion for new trial, suggestion of fundamental error on appeal, or otherwise; whenever it comes to the knowledge of the court, the result must be the same—either the dismissal or stay of the case. Townes Texas Pleading (2d Ed.) p. 288; 1 Tex. Jur. p. 144."

[redacted] The lack of necessary parties to the suit being fundamental, the decisions stressed by appellant in his brief relating to waiver of right by defendant to an abatement of a suit, by failing to file his plea in abatement in the due order of pleadings or failing to have a ruling thereon at the proper time, are not in point here, because in such cases grounds urged for abatement involved matters of personal privilege of the defendant, and not fundamental error of the character noted in the foregoing authorities.

Accordingly, all of appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

On Motion for Rehearing.

[redacted] It is true that the executor of the estate of H. M. Ball, deceased, had the statutory right to institute the suit against the defendants to recover title to the ½ interest in the land in controversy, which belonged to the estate of his testator, without joinder of the heirs of H. M. Ball, under the provisions of Article 1981, Vernon's Texas Civil Statutes. It is also true that without joinder of those heirs of H. M. Ball, deceased, he could recover against the defendants the ½ interest in the property belonging to the testator, or any part thereof, according to the rights of the parties, as provided in Article 7387, Vernon's Texas Civil Statutes.

[redacted] But as the other undivided ½ interest in the property in controversy belonged to the heirs of Mrs. Delila A. Ball, deceased, who had died intestate, and was no part of the estate of H. M. Ball, deceased, plaintiff, as executor of the estate of H. M. Ball, had no right whatever to recover title to that ½ interest, and since the facts specially pleaded by plaintiff conclusively showed that only ½ interest in the property belonged to the estate of H. M. Ball, deceased, the petition for the recovery of the other ½ was subject to a general demurrer, even in the absence of any plea in abatement. John Hancock Mutual Life Ins. Co. v. Warren, Tex. Civ.App., 72 S.W.2d 347. At all events, the heirs who owned the ½ interest were necessary parties to the suit to recover the same, against the defendants. We believe these conclusions are fully supported, not only by sound reasoning, but by an unbroken line of decisions of this State, a few only of which will be cited: Smith v. Olsen, Tex.Civ.App., 44 S.W. 874; May v. Slade, 24 Tex. 205; Keith v. Keith, 39 Tex.Civ.App. 363, 87 S.W. 384; Cotton v. Coit, 88 Tex. 414, 31 S.W. 1061; Duncanson v. Howell, Tex.Com.App., 222 S.W. 232; 14 Tex.Jur., sect. 549, p. 334.

Not only was it shown by the last will and testament of H. M. Ball, in connection with the inventory of his estate, filed by the executor, plaintiff in this suit, that 160 acres of the land sued for did not belong to the estate, but it appears from the pleadings of defendant Ira Cundiff that he claims title to a part of that 160 acres through mesne conveyances emanating in a deed by H. M. Ball and wife, Delila Ball, and that he has filed a disclaimer of any title to the 80 acres which plaintiff listed in the inventory of the estate of H. M. Ball. It also appears from the pleadings filed by defendants Snowden & McSweeney that they are claiming title to an oil interest in said 80 acre tract, as assignee of T. J. Moore, to whom a deed was executed by H. J. Cox and wife, Martha Cox, as alleged in plaintiff's petition.

[redacted] After the death of H. M. Ball, his right as community administrator ceased, and the fact that, as such administrator, he could have instituted this suit to recover title to the whole of the community interest in the property in controversy, without joining the heirs of Mrs. Delila Ball, is wholly immaterial in this suit. Plaintiff, as his executor, now stands in his shoes and with no greater right than he, H. M. Ball, would have had, had he never taken out letters as community administrator, or as administrator of his

wife's estate, and had instituted this suit in his individual right to recover the half interest owned by the heirs of his wife, as well as his half interest without making them parties to the suit, which he could not have done under the authorities cited.

The motion for rehearing is overruled.