## COOK v. SPIVEY et al.
### No. 5576.

Court of Civil Appeals of Texas. Amarillo.
Oct. 11, 1943.

Sanders & Scott, of Amarillo (A. P. Smith, of Amarillo, of counsel), for appellant.

Frank M. Tatum, of Dalhart (R. A. Stone, of Amarillo, of counsel), for appellees.

STOKES, Justice.

This is a suit in trespass to try title filed by the appellees, J. H. Spivey, as executor of the last will and testament of Lura Spivey, deceased, and Ernest C. Spivey, Robert Spivey, their three sisters, Alice Spivey Walker, Anna Reynolds, and Jeffie Ganey, joined by their husbands, and May Josephine Hughes, a widow, and Luda Hughes, a feme sole, against the appellant, W. U. Cook, seeking to recover the title and possession of 29.95 acres of land located in Hansford County. In addition to the statutory allegations, appellees pleaded the three-, five-, ten-, and twenty-five-year statutes of limitations and adverse possession, under Articles 5507, 5509, 5510, and 5519, R.C.S. 1925, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519.

Appellant answered by a general denial, and also set up title in himself under the three-, five-, and ten-year statutes of limitations and adverse possession.

At the close of the testimony, appellant, through his counsel, in open court admitted that, if the rulings of the court on the evidence introduced by appellees as to the location of the land and its boundary lines were correct, appellees had shown themselves entitled to recover under the undisputed evidence, unless appellant was entitled to recover under his pleas of ten-years limitation and adverse possession, and that, as to such pleas, the burden of proof was upon him. The court thereupon submitted to the jury a single special issue in which they were required to find whether appellant had been in peaceable and adverse possession of the 29.95 acres in controversy for a period of ten years prior to March 16, 1940. The jury answered the special issue in the negative and the court rendered judgment in favor of the appellees, plaintiffs below, from which the appellant has perfected an appeal to this Court.

No question is raised concerning the rulings of the court on the evidence as to the location and boundary lines of the land in controversy, nor is any complaint presented concerning the manner in which the court submitted the case to the jury. After the verdict was returned by the jury, but before the court rendered judgment, appellant presented and urged a motion to declare a mistrial because of the absence of necessary parties, contending that John H. Spivey in his individual capacity, George B. Spivey, Joe R. Spivey, and the heirs of S. R. Spivey, deceased, and of W. G. Spivey,

deceased, were necessary and indispensable parties to the suit. The court overruled the motion and appellant duly preserved his exception thereto. After the verdict was received, appellant filed and urged a motion for a new trial, which was overruled, and he presents the case in this Court upon two propositions in which he contends, first, that the court committed reversible error in overruling his motion to declare a mistrial, and, secondly, that the court erred in rendering judgment that plaintiffs recover the fee simple title to the land, when the record shows that the absent parties named in his motion to declare a mistrial owned undivided interests amounting to 5/24 of the land involved.

The record shows that I. T. Spivey and Lura Spivey were married some time prior to 1901. I. T. Spivey was then a widower, and W. G., George B., Joe R., S. R., and John H. Spivey were his children by his former marriage. Ten children were born of I. T. Spivey's marriage to Lura Spivey, seven of whom are still living. By her last will and testament, Lura Spivey bequeathed to the seven surviving children all of her interest in the land, and they, with John H. Spivey, as executor of Lura Spivey's will, constituted the plaintiffs in the case. S. R. and W. G. Spivey, two of the five children of I. T. Spivey's first marriage, were deceased at the time the suit was filed. Neither John H. Spivey, in his individual capacity, nor his brothers, G. B. and Joe R. Spivey, nor the heirs of his deceased brothers, S. R. and W. G. Spivey, were made parties to the suit, and it is the contention of appellant that his motion to declare a mistrial should have been granted because of their absence.

Generally speaking, it is elementary, and has been held by a long line of decisions of the courts of this State, that all persons who have or claim an interest in the subject matter of a suit, which interest necessarily will be affected by any judgment that may be rendered, are not only proper, but are necessary and indispensable parties, either plaintiff or defendant. McDonald v. Simons, Tex.Com.App., 280 S.W. 571. It is also well settled, however, that each and all of the tenants in common of a tract of land are entitled to possession, and the possession of one is not adverse to that of any of the others in the absence of the element of antagonism and notice. The record in this case shows that the tract of land involved was acquired by

I. T. Spivey after his marriage to his second wife, Lura Spivey. It was therefore community property between them. I. T. Spivey died intestate in 1909, and his wife, Lura Spivey, subsequently died, the date of her death not being shown by the record. Lura Spivey left a will in which she appointed John H. Spivey, one of the children of I. T. Spivey and his first wife, independent executor of her estate, and bequeathed all of her property to the seven surviving children of herself and I. T. Spivey. Thus it will be seen that each of the five children of I. T. Spivey and his first wife owned a ½4 interest in the land, while the children of the second marriage owned equal shares as heirs of their father, and in addition thereto became the owners of the mother's one-half interest in all of it under her last will and testament. All of the children, both of the first and second marriage, were therefore tenants in common. Appellant does not contend that he owns any interest in the land unless he had perfected a title by limitations and adverse possession. Consequently he was a trespasser unless he was entitled to prevail under his plea of limitations. In no sense, therefore, can it be said that he was a cotenant, because if he owned any part of the land, he owned all of it, and his claim was adverse both to the interests of the children of I. T. Spivey's second marriage, who were the plaintiffs in the case, and to the interests of the children of his first marriage, who appellant now claims should have been made parties to the suit. There is no suggestion in the record of any antagonistic claim existing between any of the children of I. T. Spivey. Our courts have held in many cases that one cotenant may maintain a suit in trespass to try title against a trespasser and that he is entitled to recover the exclusive possession of the entire land without making his cotenants parties to the suit. The reason he is permitted to maintain the suit under such circumstances is that he, as well as each of his cotenants, is entitled to possession, and when he recovers against a trespasser he recovers only that to which he was entitled before the trespass was committed. Boon v. Knox, 80 Tex. 642, 16 S.W. 448, 26 Am.St.Rep. 767. Any judgment which he might recover in such a suit inures to the benefit of his cotenants. Therefore, it is not necessary that they be made parties to the suit. Steddum v. Kirby Lumber Co., 110 Tex. 513, 221 S.W. 920; Land v. Banks, Tex.Com.App., 254 S.W. 786, 30

A.L.R. 1; Taylor v. Higgins Oil & Fuel Co., Tex.Civ.App., 2 S.W.2d 288; Wells v. W. T. Carter & Bro., Tex.Civ.App., 78 S.W.2d 678; Plowman v. Miller, Tex.Civ. App., 27 S.W.2d 612; Frost v. Crockett, Tex.Civ.App., 109 S.W.2d 529, motion for rehearing, 109 S.W.2d 535, and authorities there cited.

■ The rule does not apply, of course, in a suit between two or more tenants in common, nor in a suit against anyone except a trespasser. In the case of Steddum v. Kirby Lumber Co., supra [110 Tex. 513, 221 S.W. 924], Mr. Chief Justice Phillips, speaking for the Supreme Court, said: "It is only as against a trespasser that one tenant in common is entitled to recover the exclusive possession of the entire land." The holding is supported by many decisions of our courts rendered prior to the Supreme Court's decision of that case and it has been adhered to consistently ever since, as is shown by the cases above cited and the many other authorities therein cited.

Appellant contends that this case is ruled by the decision of the Court of Civil Appeals of the Second District in the case of Ball v. Cundiff, 127 S.W.2d 502. We find no analogy between that case and the case now before us. The opinion in the Cundiff case reveals that the suit was filed by Jess Ball against H. J. Cox, Ira Cundiff, and Snowden & McSweeney. The plaintiff sought to recover 240 acres of land that had belonged to H. M. Ball and his wife, both deceased, who were the parents of Jess Ball, Martha Cox, wife of H. J. Cox, and six others. Neither Mrs. Cox nor any of the other children were made parties to the suit and the defendants filed and urged a plea in abatement because of their absence. The Court held that the plea in abatement was properly sustained, but it is plainly evident from the opinion that the defendants, Ira Cundiff and Snowden & McSweeney, were tenants in common with Jess Ball and the others who were not made parties to the suit. The plaintiff's petition alleged that on February 14, 1926, H. J. Cox and his wife, Martha, under an adverse claim of title, ejected the plaintiff from possession of the land sued for by executing an oil and gas lease thereon to T. J. Moore who assigned the same to the defendant, Snowden & McSweeney, and on January 1, 1930, they executed another lease on part of the land to Ira Cundiff. Since Mrs. Cox was one of the

heirs and owned an undivided interest in the land, she had the right and power to convey, by oil and gas lease or otherwise, her interest or any portion thereof to those parties, and, when she did so, they became tenants in common with the others. These facts were revealed by the plaintiff's petition and, it being shown on the face of the record that the suit was one between tenants in common, and not by one tenant in common against a trespasser, the plea in abatement was properly sustained. The cases cited by the Court in support of its holding plainly indicate that the court recognized it was dealing with a controversy between tenants in common, as, for instance, the case of Keith v. Keith, 39 Tex. Civ.App. 363, 87 S.W. 384. The appellees in that case brought the suit against the appellants, alleging that all of the parties, both appellees and appellants, were heirs of Dr. Nicholas Keith. They were therefore tenants in common and some of them were not made parties to the suit. The occasion of the suit was that the appellants, defendants below, were in possession, claiming the land by adverse possession and limitation. Being a controversy between tenants in common, the case was properly cited as authority for the holding in Ball v. Cundiff. The Keith case recognizes the rule, however, that one of several cotenants may maintain a suit in trespass to try title against a trespasser, and a recovery inures to the benefit of the other cotenants.

The second contention made by appellant is that the court erred in rendering judgment in favor of the appellees for the entire title, when the record shows that 5⁄24 interest was owned by the absent parties. In other words, his contention is that if the appellees were entitled to recover, their recovery should have been confined to their respective undivided interests in the land.

As we have indicated, the rule is well established that when the plaintiffs own an undivided interest along with others who are not parties to the suit, they are entitled to recover the entire tract as against a trespasser and a recovery inures to the benefit of the plaintiffs and also to the other cotenants although the latter are not parties to the suit. Duncanson v. Howell, Tex. Com.App., 222 S.W. 232. This rule was well expressed by Mr. Chief Justice Phillips for the Supreme Court in the case of Steddum v. Kirby Lumber Co., supra. Referring to cases cited by the appellant

in that case, he said: "Neither of these decisions in any way contravenes the rule many times announced by the court, that as against a trespasser one tenant in common may recover the possession of the entire tract, and this, though he only claims in his petition and establishes title to an interest less than the whole. The reason for a tenant in common being so entitled is that he owns his particular interest in the whole land; and since he is entitled to the possession against everybody except his co-tenants, he is necessarily entitled to the exclusive possession against a trespasser."

As indicated by what we have said, in our opinion, no error is revealed by either of the contentions presented by appellant, and the judgment of the court below will therefore be affirmed.