**HULL et al. v. HULL.**

No. 2620.

Court of Civil Appeals of Texas. Waco.

Oct. 5, 1944.

Rehearing Denied Nov. 9, 1944.

W. L. Wray, of Hillsboro, for appellants.

J. C. Lumpkins and A. D. Emerson, both of Waxahachie, for appellee.

HALE, Justice.

W. C. Hull departed this life on September 11, 1941, leaving a will which was duly admitted to probate in Ellis County on November 2, 1942. By the terms of his will the deceased bequeathed to his wife, Mrs. Dezzie May Hull, a limited life estate in all of his property, with remainder to L. E. Hull, nephew, and Lillie Hull Griffith, niece, share and share alike, and appointed L. E. Hull as independent executor thereof. The inventory and appraisement filed in and approved by the probate court listed as property of the deceased 160 acres of land, one lot in Waxahachie, one automobile, certain farm produce, equipment, livestock, household furniture and cash, all of the appraised total aggregate value of $11,247.18.

L. E. Hull, Lillie Hull Griffith and W. L. Wray instituted this suit against Mrs. Dezzie May Hull in the District Court of Ellis County on September 13, 1943. Plaintiffs alleged that defendant had entered into possession of all property belonging to her husband at the time of the latter's death, and that she had converted and failed to account for certain personal property, including 13 bales of the 1941 cotton crop of the inventoried value of $1,000 and the livestock inventoried in said estate; that defendant had destroyed some shade trees on the farm and had failed to maintain the improvements on the lot in proper repair; that defendant was insolvent and unless the court should appoint a receiver to take charge of all of the properties of the deceased the defendant would continue such waste and damage to their irreparable loss. They prayed for the appointment of a receiver to take charge of all property owned by deceased at the time of his death and that they have judgment against defendant for the value of the waste and conversion committed by her as life tenant.

In her original answer defendant specifically alleged, among other things, that the 160 acres of land described in plaintiffs' petition was rented for the year 1941 on the halves and that of the 13 bales of cotton produced on said farm during that year she and her husband received one-half thereof as rents and from the rents so received she paid the funeral and medical bills of her deceased husband and she paid all taxes, thereby consuming the moneys received as rents for that year. She also alleged that "regardless of the inventory returned in the W. C. Hull estate by one of the plaintiffs, the livestock owned by this defendant and W. C. Hull consisted of two mules and the same are still on the described farm in the same condition, less ordinary wear and tear, as when said Hull died, and other than these, said W. C. Hull owned no livestock."

Plaintiffs interposed their written exceptions to the foregoing allegations in the defendant's original answer and they objected to the introduction of all evidence thereafter admitted in proof of such allegations upon the grounds that such allegations and proof were self-serving and contradictory of the judgment of the probate court approving the inventory and appraisement in the estate of W. C. Hull, deceased, and of a prior judgment of the District Court confirming the inventory and appraisement previously filed in the probate court. The trial court overruled the written exceptions of plaintiffs and during the trial of the case he likewise overruled plaintiffs' objections to the evidence introduced by defendant in proof of such allegations, to all of which plaintiffs duly excepted.

The case was tried before the court without a jury and resulted in judgment decreeing in substance (1) that defendant had been guilty of waste, fraud and wrongdoing with respect to (a) $96.83 in cash belonging to the estate of W. C. Hull, deceased, after all of his debts were paid by her, (b) the balance due on a certain note in the principal sum of $106.28, and (c) a pistol belonging to W. C. Hull; (2) that a receiver be appointed to take charge of such sum of money, note and pistol, subject to the further orders of the court, and that the receiver pay the income therefrom to Mrs. Dezzie May Hull during her lifetime and upon her death deliver the same to plaintiffs in equal shares; (3) that plaintiffs recover their costs of court against defendant; and (4) that all relief not expressly granted to plaintiffs in the judgment be denied. From this judgment plaintiffs have appealed upon four assignments of error predicated upon the action of the trial court (1) in overruling their exceptions to the pleadings of the defendant, (2) in overruling their objections to the oral testimony in proof of such pleadings, (3) in failing and refusing to award to them recovery for the value of the inventoried personal property of the estate, and (4) in failing and refusing to extend the receivership to the entire properties

of the estate. Under these assignments plaintiffs present two propositions asserting in substance that they were entitled as a matter of law and equity to a judgment for the appraised value of all personal property listed in the inventory and placing all properties of the deceased in the hands of a receiver.

The inventory in the probate court listed as property of the deceased, among other things, "13 bales of cotton 1941 crop, aggregating 6419 lbs., 200 bushels, 1941 crop corn" of the appraised value of $1,000 and "2 mules, 5 cows, 20 sheep" of the appraised value of $375. It appears that on June 10, 1943, the District Court of Ellis County rendered judgment in Cause No. 17750 styled L. E. Hull et al. v. Mrs. Dezzie May Hull, wherein the court found that W. C. Hull was the common source of title to the lands therein described and that he owned at the time of his death "all personal property in his name, and/or inventoried and appraised in the Probate Court of Ellis County, Texas." The court decreed in such judgment that Mrs. Dezzie May Hull have the use and possession of all real and personal property therein described for life or until she remarried, that the remainder interest in such property was owned jointly, share and share alike, by L. E. Hull, Mrs. Lillie Hull Griffith and W. L. Wray, that all claims of plaintiffs for waste be dismissed without prejudice and that plaintiffs pay the costs of court in the suit. The statement of facts in the present proceeding does not contain any of the pleadings in Cause No. 17750, hereinafter referred to as the prior suit, and it does not purport to contain a full and complete copy of the judgment in the prior suit but it attempts to recite only the substance of such judgment. Consequently this court cannot determine with certainty in this proceeding the names of all of the parties to the prior suit, the issues that might have been joined by the pleadings therein or whether the judgment in the prior suit disposed finally of all the parties and issues there involved. Assuming, however, that the prior suit was instituted by the plaintiffs herein as an action in trespass to try title and for a determination of their rights under the will of W. C. Hull, and that the judgment rendered therein became final, as stated by plaintiffs in their brief, we do not think the pleadings, evidence or judgment in the present proceeding constituted an unwarranted or collateral attack upon the order of the probate court approving the inventory and appraisement or upon the judgment of the District Court in the prior suit, for reasons which we shall note briefly.

Art. 3424 of Vernon's Tex.Civ. Stats. provides that all inventories and appraisements which have been approved in accordance with law may be given in evidence in any of the courts of this state in any suit by or against an executor but that such evidence shall not be conclusive if it be shown that certain property named in the list did not belong to the estate. It has been repeatedly held under this article of the statute that while an inventory and appraisement constitutes prima facie evidence of the facts therein recited, yet such prima facie evidence may be rebutted by positive evidence to the contrary. 13 Tex.Jur. p. 737, § 161; Brown v. Fleming, Tex.Com. App., 212 S.W. 483; Reynolds v. Reynolds, Tex.Civ.App., 224 S.W. 382; Ball v. Cundiff, Tex.Civ.App., 127 S.W.2d 502. Consequently we are of the opinion that the pleadings, evidence and judgment in the present suit, even though contradictory to the recitations contained in the inventory and appraisement filed in the probate court, did not constitute an unlawful attack upon the order of the probate court approving such inventory and appraisement.

Neither plaintiffs nor defendant affirmatively pleaded the judgment in the prior suit as a basis for any right or relief in the present proceeding. Since defendant made no reference in her pleadings herein to the prior suit, the duty rested upon plaintiffs to affirmatively plead and prove the prior judgment if they wished to avail themselves of any benefit accruing to them thereunder, rather than to rely upon special exceptions addressed to the allegations contained in the answer of defendant. Rule 94, T.R.C.P.; City of Coleman v. Kenley, Tex.Civ.App., 168 S.W.2d 926, pt. 6, error refused. But, even though plaintiffs had properly pleaded the judgment in the prior suit we do not think such plea would have availed them anything under the competent and admissible evidence adduced in this proceeding and under the express and implied findings of the trial court based thereon. The substance of the prior judgment as contained in the statement of facts herein is vague, indefinite and uncertain. The trial court was warranted in finding under the pleadings and evidence in the present proceeding that de-

278

fendant did not enter into possession of any of the 5 cows or 20 sheep referred to in the inventory and appraisement and that she was not entitled to such possession at any time as against the true owner thereof. The pleadings and evidence were also amply sufficient to warrant the court in finding that defendant had not been guilty of waste, fraud or wrong-doing with respect to any of the property coming into her possession under the terms of her deceased husband's will or by virtue of the judgment in the prior suit, with the exception of the three items of personal property specifically referred to in the judgment in this cause. Under such findings we do not think plaintiffs were entitled to any relief, either at law or in equity, other than that which was expressly awarded to them by the trial court.

Finding no reversible error in the case, the judgment appealed from must be and the same is in all things affirmed.