**CROSBY v. HUGHES et al.**

**No. 5860.**

Court of Civil Appeals of Texas. Amarillo.
April 26, 1948.

Rehearing Denied May 17, 1948.

On Second Motion for Rehearing
June 21, 1948.

Mayo W. Neyland and A. S. Rollins, both of Greenville, for appellant.

L. L. Bowman, Jr., of Greenville, for appellees.

PITTS, Chief Justice.

Appellee, Hallie Byrd Hughes, joined pro forma by her husband J. R. Hughes, filed suit against appellant, Mrs. E. H. Crosby, a feme sole, for title and possession of 28½ acres of land situated in Hunt County and to have the title to the said land quieted. The case was tried to the court without a jury and judgment was rendered for appellee and against appellant for title and possession of the land and the court ordered the issuance of a writ of possession.

The record reveals that appellee's father, W. J. Schenck, was a brother of appellant's mother, Mrs. Sallie Barnes; that Mrs. F. M. (Frances) Schenck was the mother of W. J. Schenck and Mrs. Sallie Barnes and the grandmother of appellee and appellant; that Mrs. F. M. Schenck was the sole owner of the land in question when she died testate in April, 1916; that in her will she devised the said land, which was all the property she had, to her only two children, W. J. Schenck and Mrs. Sallie Barnes, subject to the payment first of her just debts, burial expenses and to a bequest of $500 to appellee, Mrs. Hallie Byrd Hughes; that the will was admitted to probate and the two said children of the deceased, W. J. Schenck and Mrs. Sallie Barnes, qualified as executor and executrix jointly but that W. J. Schenck actively managed the estate; that W. J. Schenck personally paid the funeral expenses of the deceased as well as all of her other just debts; that W. J. Schenck died testate in 1922 leaving his property to his wife, Mrs. Nellie Schenck, who was the stepmother of appellee, with the remainder to be vested in appellee, Mrs. Hughes, at the death of his wife; that soon thereafter Mrs. Nellie Schenck deeded any and all

interest she may have had in the 28½ acres of land in question to the appellee, Mrs. Hallie Byrd Hughes; that appellee, together with her husband, took possession of the land in question in 1923 and has since held continuous possession of the land; that subsequent to the death of Mrs. F. M. Schenck and prior to the date appellee took possession of the said land it had been rendered for taxes in the name of "Schenck and Barnes" but appellee changed the rendition of the taxes to her own name when she took possession of it since which time she has rendered the land for taxes and paid the taxes on it; that on November 24, 1936, appellee, joined by her husband, filed suit against appellant's mother, Mrs. Sallie Barnes, individually and as executrix of the estate of Mrs. F. M. Schenck, alleging apparently that the bequest of $500 made by Mrs. F. M. Schenck to her granddaughter, Mrs. Hallie Byrd Hughes, had not been paid and prayed for judgment adjudicating the bequest as a charge against the estate of Mrs. F. M. Schenck, deceased, consisting of the said land only. It appears that for some reason the papers in that case were lost and the case was never tried. It further appears that on March 16, 1946, appellee filed this suit against Mrs. Sallie Barnes duplicating the one filed some ten years previously thereto but this suit took a new number on the trial court's docket. In this suit appellee pleaded in her original petition that she was the sole heir of W. J. Schenck, deceased, and that she and Mrs. Sallie Barnes, who was then made the only defendant in the suit, were the joint owners of the land in question and the only parties owning any interest therein and their joint interest in the land was subject to the $500 bequeathed to appellee by her grandmother, Mrs. F. M. Schenck. She further pleaded that the said $500 bequest had not been paid and that it, together with $610 interest thereon, amounted to $1110 and she prayed for judgment adjudicating the bequest as a charge against the estate of Mrs. F. M. Schenck, deceased, and specifically against the land in question. She further prayed that the court order the said land sold to pay the said $500 bequest together with the interest

thereon and for such other and further relief as the court might find proper.

On April 27, 1946, appellant, Mrs. E. H. Crosby, voluntarily answered in the suit alleging that her mother, Mrs. Sallie Barnes, had recently died testate leaving all of her estate to appellant, Mrs. E. H. Crosby, as the sole heir and as executrix of her mother's will which had been admitted to probate. She further pleaded that she and appellee, Mrs. Hughes, were joint owners of the land but she joined issues with appellee on the question of the bequest of $500 not having been paid and alleged that such had long since been paid to appellee, Mrs. Hughes, and that the same was then barred by limitation if it had not been paid. She further pleaded that she owned an undivided one-half interest in the land in question and prayed for it to be partitioned between her and appellee, the only heirs owning any interest therein, and for an accounting by appellee for the value of the use of appellant's interest in the said land for the period of time she had used and occupied it without paying appellant or her mother any rent therefor.

On June 15, 1946, appellee filed her first amended original petition, upon which she went to trial, in which she requested that Mrs. E. H. Crosby, who had already answered, be made defendant in the case. She further alleged that she was the sole heir of W. J. Schenck, deceased, since the death of Mrs. Nellie Schenck, her stepmother. She further pleaded limitation by adverse possession of the land by her and her predecessor, W. J. Schenck, deceased. In the alternative she pleaded that the bequest of $500 had not been paid and that such claim be established as a lien against the land together with the interest thereon and for an order of sale of the land to satisfy the same, after which the remainder should be divided equally between appellant and appellee.

Upon the trial appellee, Mrs. Hallie Byrd Hughes, testified that her father had paid her the $500 bequeathed to her by her grandmother, Mrs. F. M. Schenck, deceased, out of his own pocket and the trial court found that the $500 bequest provided for in the will of Mrs. F. M. Schenck had

been paid to appellee, Mrs. Hughes, by W. J. Schenck during his lifetime out of his personal funds. The trial court further found in part at the request of appellant for findings that W. J. Schenck during his lifetime paid the other debts of his mother after her death; that he managed and controlled the land in question and treated the land as his own. The trial court further found that appellee, Mrs. Hallie Byrd Hughes, went into possession of the land in question after the death of her father, W. J. Schenck, and after her stepmother, Mrs. Nellie Schenck, had deeded any interest she may have had in the land to the said Mrs. Hughes and had since continuously occupied, enjoyed and used it for grazing land to the exclusion of all others for a period of more than ten years, during which time Mrs. Hughes rendered the land for taxes and paid the taxes thereon until suit was filed and that she refused to pay rent for the use of the said land to appellant or to her mother, Mrs. Sallie Barnes, during her lifetime and that appellant and her mother had notice of the hostile claim of appellee, Mrs. Hughes. The trial court concluded as a matter of law that appellee, Mrs. Hallie Byrd Hughes, had held adverse possession of the land for more than ten years next after the claims of appellant and her mother had accrued and that appellant's claim to any interest in the land was barred by the ten years statute of limitation as provided for in Article 5510, Revised Civil Statutes.

Appellant excepted to all of the findings of the trial court that have a tendency to support its findings of adverse possession and presents such exceptions in separate assignments and points of error challenging such findings on the ground that they are not supported by the evidence and that appellee has not made satisfactory proof of adverse possession.

■ The rules governing a claim of title to land by ten years adverse possession in an ordinary case of that character were fully discussed by this Court in the recent case of Cook v. Winter, Tex.Civ.App., 207 S.W.2d 145. We shall not repeat the rules here but we do hold that appellee in this case has not met the requirements of the rules as they are stated in that case in support of her claim of ten years adverse possession. Particularly has she failed to meet the requirements of the law with reference to her intentions to claim and occupy the land adversely, with reference to sufficient notice to others of her adverse claim and with reference to showing affirmatively satisfactory facts concerning the use and occupancy of the land from which conclusions of its continuous use and occupancy may be affirmatively deduced. The record does not show whether or not the land was ever under fence or how appellee used it annually other than to say it was used for grazing purposes.

■ But, be that as it may, appellee's pleadings filed prior to June 15, 1946, alleged a joint ownership of the land by herself and appellant's mother exclusively, and thereby admitted they were cotenants or tenants in common, which is a relationship between persons and not an estate. Meaders v. Moore, Tex.Civ.App., 113 S.W. 2d 689, affirmed 134 Tex. 127, 132 S.W.2d 256, 125 A.L.R. 817. The rule is well established that either tenant in common of a tract of land is entitled to possession of it and the possession by one tenant in common is not adverse to that of any of the other tenants in common in the absence of the elements of antagonism and notice. Cook v. Spivey, Tex.Civ.App., 174 S.W.2d 634.

In the case of Leverett v. Leverett, Tex. Civ.App., 59 S.W.2d 252, 255, (writ refused), the court said:

"The law is well settled that before a cotenant in possession can start the statutes of limitation running against his cotenants it must appear that he had repudiated their title and is holding adversely to it; and notice of such adverse holding must be brought home to them, either by information to this effect given to them by the cotenant asserting the adverse right, or by such acts of unequivocal notoriety in the assertion of such adverse and hostile claim that they will be presumed to have notice of such adverse claim. Fowler v. Hardee, Tex.Civ.App., 16 S.W.2d 154; Rivers v. Griffin, Tex.Civ.App., 16 S.W.2d 874."

The same rule was pronounced and followed in the following cases: Wiggins v.

516

Holmes, Tex.Civ.App., 39 S.W.2d 162; Freeman v. Pierce, Tex.Civ.App., 250 S.W. 778; Davis v. Houston Oil Co. of Texas, Tex.Civ.App., 162 S.W. 913.

■ In the instant case appellee did not plead notice of any adverse claim and, applying the foregoing rule, there was insufficient evidence to support notice of her adverse claim. Appellant testified that she had no knowledge of appellee's adverse claim to the land until appellee filed her amended petition on June 15, 1946, making such a claim. No evidence was offered to refute such testimony given by appellant. The evidence nowhere reveals that appellee expressly repudiated the cotenancy or the claim of appellant or her mother to the land or that W. J. Schenck repudiated the trust imposed in him. On the contrary the undisputed evidence shows that W. J. Schenck paid annual rent to appellant's mother, Mrs. Sallie Barnes, for the use of the land so long as he lived and his wife, Mrs. Nellie Schenck, paid rent to her for two years thereafter until she deeded her interest in the land to appellee.

A close examination of the record reveals that appellee failed to establish notice of her claim of adverse possession. She also failed to establish any repudiation of the cotenancy of the land and she failed to establish her claim of ten years adverse possession under the rules of law cited above. It therefore appears from the record that the case must be reversed. It further appears that the issue of partition of the land has been well developed. However, appellant asserts a claim for a reasonable rental value for the use of her part of the land by appellee since 1923, and that issue has not been fully developed. It is therefore our opinion, for the reasons stated, that the judgment of the trial court should be reversed and the cause remanded.

On Second Motion for Rehearing.

PER CURIAM.

Appellant in her first motion for a rehearing has waived all claims for rentals for the use of her part of the land in question by appellee for a number of years and asked that the case be reversed and rendered awarding appellant an undivided one-half interest in the land. This Court overruled the motion and declined to render judgment for the reason that under the record before us we have no means of knowing how best to partition the land in question.

In her second motion for a rehearing appellant urges that this Court modify its original opinion by rendering judgment for appellant for an undivided one-half interest in the land in question and direct the trial court to partition the land equally either in kind or by sale with an equal division of the proceeds therefrom. In view of the record it is our opinion that the request made by appellant in her second motion is well taken.

■ It is therefore our opinion that the original opinion reversing and remanding the cause should be modified and the cause should be reversed and judgment rendered that appellant have an undivided one-half interest in the land in question and the trial court should be directed to partition the land equally between appellant and appellee in some manner justified by both the facts and law governing such cases. Such is now our opinion and it is so ordered. Reversed and rendered with instructions.