ACCEPTED
15-25-00086-Cv
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/15/2025 3:51 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/15/2025 3:51:14 PM
CHRISTOPHER A. PRINE
Clerk

No. 15-25-00086-CV

# IN THE COURT OF APPEALS
## FOR THE FIFTEENTH DISTRICT OF TEXAS
### AT AUSTIN, TEXAS

_____

CITY OF GRAND PRAIRIE, CITY OF ALEDO, CITY OF ANGLETON, CITY OF AUBREY, CITY OF BULVERDE, CITY OF CLYDE, CITY OF COLLEGE STATION, CITY OF CRANDALL, CITY OF DENISON, CITY OF DENTON, CITY OF EDCOUCH, CITY OF ELSA, CITY OF FATE, CITY OF HUTTO, CITY OF KAUFMAN, CITY OF LA VILLA, CITY OF LOCKHART, CITY OF MCKINNEY, CITY OF NAVASOTA, CITY OF PARKER, CITY OF VAN ALSTYNE, AND AUBREY MUNICIPAL DEVELOPMENT DISTRICT

*Appellants – Plaintiffs*

CITY OF ANNA,  CITY OF BONHAM, CITY OF BROWNSVILE,  AND CITY OF CIBOLO

*Appellants – Intervenor Plaintiffs*

2020 LONG TAIL TRAIL INVESTMENTS, LLC
*Appellant – Intervenor Defendant*

v.

THE STATE OF TEXAS, ATTORNEY GENERAL KENNETH PAXTON, IN HIS OFFICIAL CAPACITY, ACTING TEXAS COMPTROLLER OF PUBLIC ACCOUNTS KELLY HANCOCK, IN HIS OFFICIAL CAPACITY, AND THE OFFICE OF THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

*Appellees – Defendants*

_____

### BRIEF OF APPELLANT – INTERVENOR PLAINTIFF CITY OF BONHAM

_____

**ORAL ARGUMENT REQUESTED**

**Wolfe, Tidwell & McCoy, LLP**
David Overcash
David.overcash@wtmlaw.net
SBN 24075516
Clark McCoy
SBN 90001803
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
972.712.3530 telephone
972.712.3540 facsimile

i

# IDENTITY OF PARTIES AND COUNSEL

**Appellant:**           **City of Bonham, Texas**
*Plaintiff-Intervenor in court below*

**Appellant's Counsel:**      **Wolfe, Tidwell & McCoy, LLP**

David Overcash
David.overcash@wtmlaw.net
SBN 24075516
Clark McCoy
SBN 90001803
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
972.712.3530 telephone
972.712.3540 facsimile

**Other Appellants:**         **City of Grand Prairie, City of Aledo, City of Angleton, City of Aubrey, City of Bulverde, City of Clyde, City of College Station, City of Crandall, City of Denison, City of Denton, City of Edcouch, City of Elsa, City of Fate, City of Hutto, City of Kaufman, City of La Villa, City of Lockhart, City of McKinney, City of Navasota, City of Parker, City of Van Alstyne, Aubrey Municipal Development District**
*Original Plaintiffs in court below*

**Other Appellants' Counsel: Messer, Fort, PLLC**

Timothy A. Dunn
William Andrew Messer
andy@txmunicipallaw.com
Bradford E. Bullock
Arturo D. Rodriguez
    6371 Preston Rd Ste 200
Frisco, Texas 75034
972.668.6400 telephone
972.668.6414 facsimile

**Additional Appellants:** **City of Brownsville, City of Cibolo**
*Plaintiff-intervenors in court below, joined in original plaintiff filings on appeal*

**Counsel: Messer, Fort, PLLC**
Timothy A. Dunn
William Andrew Messer
andy@txmunicipallaw.com
Bradford E. Bullock
Arturo D. Rodriguez
6371 Preston Rd Ste 200
Frisco, Texas 75034
972.668.6400 telephone
972.668.6414 facsimile

*<in court below, also appeared for Brownsville the following attorneys>*

***Staff Counsel***, being:
Lena Chaisson-Munoz
Jennifer Avendano
Guillermo S. "Will" Trevino

*<in court below, also appeared for Cibolo the following attorneys>*

**Hyde Kelley LLP**
George E. Hyde
Matthew L. Weston

**2020 Long Tail Trail Investments, LLC**
*Defendant-intervenor in court below*

**Counsel: Lehotsky Keller Cohn LLP**

William T. Thompson
Todd Disher
Joshua P. Morrow
408 W. 11th St.

Austin, TX 78701
will@lkcfirm.com
512.693.8350 telephone

**City of Anna, Texas**
*Plaintiff-Intervenor in court below*

**Counsel: Wolfe, Tidwell & McCoy, LLP**
*Filing separately from City of Anna*

David Overcash
David.overcash@wtmlaw.net
SBN 24075516
Clark McCoy
SBN 90001803
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
972.712.3530 telephone
972.712.3540 facsimile

| | |
|---|---|
| **Appellees:** | **State of Texas, Attorney General Kenneth Paxton (in his official capacity), Texas Comptroller of Public Accounts Kelly Hancock (in his official capacity)[1], and the Office of the Texas Comptroller of Public Accounts** |
| **Appellees' Counsel:** | **Office of the Texas Attorney General** |

Cole P. Wilson
Cole.wilson@oag.texas.gov
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
512-936-1309 telephone
512-320-0667 facsimile

---

[1] As replacing former Texas Comptroller Glenn Hegar.

## Table of Contents

IDENTITY OF PARTIES AND COUNSEL ........................................................... ii

INDEX OF AUTHORITIES.............................................................................. vii

STATEMENT OF THE CASE............................................................................ 1

STATEMENT REGARDING ORAL ARGUMENT ........................................... 3

ISSUES PRESENTED ..................................................................................... 5

STATEMENT OF FACTS ................................................................................. 5

    1. Adoption by reference of the SB 2038 legislative history, procedural history, and content applicable to all Texas municipalities in co-Appellant filings.................................................................................... 5

    2. Distinctions in Bonham's Posture as Compared to Other Appellants. ...6

SUMMARY OF ARGUMENT............................................................................ 8

ARGUMENT .................................................................................................. 10

    Standard of Review ................................................................................ 11

    Issue 1: *Order On State's Plea Was Overbroad With Respect To Separate Pleadings Of Bonham* ............................................. 12

        A. Content and Substance of State's Plea to Jurisdiction was Limited to Pleadings of Other Plaintiffs. ................................... 14

        B. Bonham's Unique Claims Were Never Challenged by State's Plea. ........................................................................................ 15

        C. April 14 Order Should Not Have Closed Entire Case. .............. 18

    Issue 2: *Remand is warranted for consideration of pending motions, pleading amendments, and joinder of additional defendants to forestall ongoing injuries injuring Texas municipalities via SB 2038.* ................................................................................... 19

        A. Pending motions in court were implicitly denied, or deemed overruled by passage of time................................................... 19

        B. Bonham is entitled to amend pleadings, and potentially join additional necessary parties, before closure of the case.......... 20

    Issue 3+: *Bonham incorporates by reference the Issues Presented by co-appellants City of Grand Prairie, et al., as to all those matters applicable to all Texas municipalities.* ................................... 27

**PRAYER**..................................................................................29

**CERTIFICATE OF SERVICE**...............................................31

**CERTIFICATE OF COMPLIANCE** ........................................31

**APPENDIX** ..............................................................................32

# INDEX OF AUTHORITIES

**Cases**

*Abbott v. City of El Paso*, 677 S.W.3d 800 (Tex. 2023)..............................14

*Ball v. Cundiff*, 127 S.W.2d 502 (Tex. Civ. App.—Fort Worth 1939, writ dism'd judgm't cor.) ....................................................................21, 26

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547 (Tex. 2000). ...................12

*Brown Cracker & Candy Co. v. City of Dallas*, 137 S.W. 342 (Tex. 1911). 14

*City of Floresville v. Nissen*, 654 S.W.3d 11 (Tex. App.—San Antonio 2022, pet. denied) ...................................................................................17

*City of New Braunfels v. Stop the Ordinances Please, et al.*, 2013 WL 692446 (Tex. App.—Austin, Feb. 21, 2023, no pet.)...........................15

*County of Cameron v. Brown*, 80 S.W.3d 549 (Tex. 2002)..................13, 26

*Dohlen v. City of San Antonio*, 643 S.W.3d 387 (Tex. 2022)...............13, 14

*Elliott v. City of College Station*, ___ S.W.3d ___, 2025 WL 1350002 (Tex. May 9, 2025) ...............................................................................17

*Gulf Coast Waste Disposal Auth. v. Four Seasons Equip., Inc.*, 321 S.W.3d 168 (Tex. App.—Houston [1st Dist.] 2010, no pet.)................................12

*Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468 (Tex. 2012). .....11

*Mattox v. County Comm'rs Court*, 389 S.W.3d 464 (Tex. App.—Houston [14th Dist.] 2012, pet. denied)...........................................................13

*Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217 (Tex. 2004)...11, 12

*Tex. Prudential Ins. Co. v. Dillard*, 307 S.W.2d 242 (Tex. 1957) ...............13

*Texas A&M Univ. Sys. v. Koseoglu,* 167 S.W.3d 374 (Tex. App.—Waco 2005, *aff'd in part, rev'd in part* by 233 S.W.3d 835) ............................26

*Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835 (Tex. 2007) ......14, 26

*Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006)........................................12

*West End API Ltd. v. Rothplez*, 732 S.W.2d 371, 374 (Tex. App.—Dallas, writ ref'd n.r.e.) ...............................................................................12

William V. Dorsaneo III, Texas Litigation Guide § 70.03[4][f]....................26

**Statutes**

Tex. Civ. Prac. & Rem. Code § 37.006 ........................................20, 24, 25

Tex. Gov't Code § 311.032(c)...................................................................18

Tex. Loc. Gov't § 42.023..........................................................................14

Tex. Loc. Gov't Code § 42.105(c) ............................................................17

Tex. Loc. Gov't Code § 42.105(d) ..............................................................8

Tex. Loc. Gov't Code § 42.155(a) ............................................................17

Tex. Loc. Gov't Code § 42.155(b) ..............................................................8

Tex. R. App. P. 33.1(b) ...........................................................................20

Tex. R. App. P. 38.7 ...............................................................................28

Tex. R. Civ. P. 194.2(b)(12) ...................................................................22

Tex. R. Civ. P. 194.2(b)(2) ....................................................................22

Tex. R. Civ. P. 329b(c)................................................................... 19, 20

## STATEMENT OF THE CASE

**Nature of the case.** This is an appeal from grant of a plea to the jurisdiction by the State of Texas, and certain officials and offices thereof, asserting immunity from suit and liability against and action for declaratory judgment and other relief from unconstitutional statutes created by SB 2038.

**Course of proceedings.** The suit's original plaintiffs, City of Grand Prairie *et al.*, filed their Original Petition seeking relief by declaratory judgment against the State of Texas in the Travis County district court.[2] At various later dates, they were joined by plaintiff-intervenors City of Anna, City of Bonham, City of Brownsville, and City of Cibolo.[3] The State of Texas timely answered and filed a plea to the jurisdiction on various grounds.[4] A landowner who had submitted a petition to plaintiff City of Denton, 2020 Long Tail Trail Investments, LLC, ("LTTI") also intervened in the suit as a defendant, seeking declaratory judgment that SB 2038 was constitutional

---

[2]   C.R. at 3-62 (Vol. 1, p. 3-62) (Plaintiff's Original Petition for Declaratory Relief, filed Oct. 25, 2023).

[3]   *See* C.R. at 2500-2523 (Vol. 13, p. 3-26)(City of Bonham's Original Petition in Intervention, filed May 24, 2024).

[4]   C.R. at 4652-4658 (Vol. 20, p. 60-66)(Defendant's Answer and Affirmative Defenses to City of Bonham's Original Petition in Intervention, filed June 17, 2024) and C.R. 8624-8652 (Vol. 36, p. 67-95)(The State Defendants' Amended Plea to the Jurisdiction, filed Jan. 2, 2025)(herein "State's Plea") and C.R. 233-255 (Vol. 2, p. 59-81)(The State of Texas's Plea to the Jurisdiction, filed Apr. 22, 2024)(as later amended, "State's Plea" herein).

1

and enforceable.[5] Plaintiffs amended their pleadings to join as defendants the Texas Attorney General and Texas Comptroller of Public Accounts (in their official capacities only), along with their offices.[6] In addition to the State's Plea being amended to include those defendants, answers were filed on behalf of those parties, and the State moved to strike the intervention of LTTI.[7] Various parties filed motions for summary judgment, believing that the merits of SB 2038 were ripe for decision without lengthy discovery as not involving any disputed issues of fact. Plaintiff-intervenors City of Anna and City of Bonham filed motions seeking to join additional parties and make accompanying amendments to their petitions.[8]

---

[5]  C.R. at 263-276 (Vol. 2, p. 89-102)(Plea in Intervention of 2020 Long Tail Trail Investments, LLC, filed May 1, 2024).

[6]  *See., e.g,* C.R. at 6123-6186 (Vol. 24, p. 3-67)("Plaintiffs' Fourth Amended Original Petition for Declaratory Relief", filed Oct. 10, 2024, encompassing Grand Prairie and other original plaintiffs); C.R. 8236-8332 (Vol. 33, p. 1-99)("City of Anna's Second Amended Petition in Intervention", filed December 23, 2024); and C.R. 8446-8494 (Vol. 35, p. 3-52)("City of Bonham's First Amended Petition in Intervention", filed Dec. 23, 2024).

[7]  C.R. 6212-6218 (Vol. 25, p. 91-98)("Defendants' Answer and Affirmative Defenses", filed Nov. 15, 2024); C.R. 8624-8652 (Vol. 36, p. 67-95)("The State Defendants' Amended Plea to the Jurisdiction", filed Jan. 2, 2025); and C.R. 2404-2497 (Vol. 12, p. 101-194)(Defendant's Verified Plea in Abatement and Motion to Strike 2020 Long Tail Trail Investments, LLC's Original Petition in Intervention, filed May 24, 2024).

[8]   C.R. 8209-8233 (Vol. 32, p. 143-167)("Joint Motion for Leave to Amend Petition to Join Additional Parties by City of Bonham and City of Anna", filed Dec. 23, 2024).

**Trial court disposition.** Multiple hearings were held to consider the merits of the State's Plea.[9] Ultimately, the trial court granted the State's motion to eject LTTI from the case and granted the State's Plea as to all named defendant parties, denied those motions for summary judgment set for simultaneous hearing as moot, and closed the case.[10] All parties seeking a ruling on the merits of SB 2038 elected to pursue this appeal.[11]

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that the decisional process of the Court of Appeals will be aided by oral argument, as this appeal deals with a variety of issues as to whether the trial court erred in finding that the State-affiliated parties-defendant were entirely immune from suit based on a constitutionality challenge to SB 2038. Appellant-affiliated parties contend that suits of this nature must be permitted where the Texas Legislature adopts laws which are in conflict with the Texas Constitution but they are ostensibly required to

---

[9]  Hearings were conducted on jurisdictional pleas at issue on Jan. 8 and Jan. 16, 2025. *See, e.g.* C.R. 8653 (State's notice of hearing for Jan. 8).

[10]  C.R. at 9081-9082 (Vol. 40, p. 60-61)("Order on Pending Motions", filed Apr. 14, 2025)("Apr. 14 Order" herein).

[11]  *See, e.g.,* C.R. 9139-9143 (Vol. 40, p. 118-122)("Plaintiff-Intervenor City of Bonham's Notice of Appeal", filed May 8, 2025). Also in the docket of the trial court was "City of Anna's TRCP 329b Motion to Modify Judgment and Alternative Motion for New Trial and Other Relief." C.R. 9153-9198 (Vol. 41, p. 3-48)(filed May 14, 2025)("Anna 329b Motion"). While Bonham did not join Anna in the submission of the latter filing, it is in a similar position with respect to the scope-of-judgment matters discussed therein.

observe, especially where, as here, the Legislature deliberately omits any actual assignments of power-to-enforce in favor of a magic incantation "by operation of law." Separate and apart from those issues, this appeal also involves the premature closure of the case in the court below while motions relating to joinder of necessary parties remained pending. As this appeal involves issues central to municipal governing bodies identifying their territory, is contributing to conflicting and confusing maps being adopted by different agencies, and causing unjustifiable actions by Texas governmental agencies, apparently in unfounded reliance or improper interpretation of SB 2038 provisions. Accordingly, Appellant requests oral argument.

## ISSUES PRESENTED

**Issue 1:** Trial court erred by construing State's Plea as applicable to the entirety of Bonham's pleadings and issued an overbroad ruling.

**Issue 2:** Remand is warranted for consideration of pending motions, pleading amendments, and joinder of additional State defendants to forestall ongoing injuries to Texas municipalities via SB 2038.

**Issue 3(+):** *Bonham incorporates by reference the Issues Presented by co-appellants City of Grand Prairie, et al., as to matters in their brief applicable to all Texas municipalities.*

## STATEMENT OF FACTS

**1. Adoption by reference of the SB 2038 legislative history[12], procedural history, and content applicable to all Texas municipalities in co-Appellant filings.**

In an effort to reduce repetition as between filings by municipalities, the City of Bonham ("Bonham") focuses its brief on the facts distinguishing its position in this suit from other appellants. In accordance with Texas Rule of Appellate Procedure ("TRAP") 9.7, Bonham adopts by reference, and incorporates herein as if set forth in full, all of that Statement of Facts

---

[12] While this suit was pending, the 89th Legislature adopted a bill which amended various provisions first created by SB 2038. However, it does not become effective until September 1, 2025 (after the due date for this brief), and would not have any effect on petitions submitted to Bonham prior to that date—those would be controlled solely by the original statute. In addition, the new changes do not modify many of the clauses giving rise to the instant challenges to the original statutory language, which is challenged as being void *ab initio*—if Bonham or other cities prevail in this suit, there might be nothing to amend. As such, the new legislation (HB 2512) should not affect the handling of this appeal.

presented in the live brief of appellants City of Grand Prairie, *et. al.*, save and except for those facts which are specific to a different Texas municipality, and except as amended or modified by the paragraphs below.[13]

## 2. Distinctions in Bonham's Posture as Compared to Other Appellants.

### A. Bonham's Independent Pleadings

At the time of the hearings on the State's Plea, most of the plaintiff municipalities were joined in one pleading led by the City of Grand Prairie; their live pleading as of the Apr. 14 Order was their Fourth Amended Petition (collectively, "Grand Prairie Group" or "GP Group").[14] **Bonham was one of several plaintiff-intervenors who have separate legal counsel and filed independent pleadings from the GP Group.**[15]

Bonham's live pleading featured claims with substantial overlap to those made by the GP Group (by either replication or express incorporation),

---

[13] *See* "Brief of Appellant Cities" filed by City of Grand Prairie, *et al.* in this cause (submission deadline Aug. 15, 2025). Bonham does not adopt any content specific to the Aubrey Municipal Development District and takes no position on any factual matters specific to any other municipality.

[14] C.R. 6123-6186 (Vol. 24, p. 3-66, not inclusive of exhibits); as supplemented by C.R. 8767-8772 (Vol. 37, p. 110-115).

[15] *See* C.R. at 2500-2523 (Vol. 13, p. 3-26)(City of Bonham's Original Petition in Intervention, filed May 24, 2024); and C.R. 8446-8494 (Vol. 35, p. 3-52)("City of Bonham's First Amended Petition in Intervention", or "1st Am. Pet.", filed Dec. 23, 2024). The latter was Bonham's live pleading for purposes of this appeal.

but Bonham did <u>not</u> adopt anyone else's *pleadings* as its own.[16] Further, Bonham's pleadings included various claims which were not advanced by the GP Group, distinctions in authority or argument with respect to other parties' claims, and factual context that was not raised or addressed by the GP Group's live pleading.[17]

B. **<u>Bonham's Pending Matters When Case Closed Below</u>**.

Bonham attempted to forestall premature disposal of its claims—both on the merits of the State's Plea, and with respect to the overly broad order of April 14—through motions which never received any ruling in the court below. Specifically, Bonham had pending in the court's docket:

1) "Joint Motion for Leave to Amend Petition to Join Additional Parties by City of Bonham and City of Anna"[18];

The State's Plea limited its discussion of plaintiffs' pleadings to the specific contents of the GP Group's live pleading (their Fourth Amended Petition).[19]

---

[16] *See generally id*; *see also* C.R.8455 at ¶ 24 (limiting Bonham's incorporation to "authority and legal argument" in Section V of the 4th Am. Petition, "with refinements and additions noted [by Bonham's 1st Am. Pet.]"); and C.R. 8783-84 at ¶ 2 (City of Anna's and City of Bonham's Joint Response to Defendants' Pleas to the Jurisdiction)(again providing for limited incorporation).

[17] *See* Issue #2 below.

[18] C.R. 8209-8233 (Vol. 32, p. 143-167)(filed Dec. 23, 2024).

[19] *See generally* C.R. 8624-8652 (Vol. 36, p. 67-95). The word "Bonham" does not appear therein. Taking the most generous view of this filing, Bonham might be considered as part of the undefined term "the Cities"—which would also include Brownsville, Cibolo, and Anna, also with pleadings independent from the GP Group, but there is no discussion of Bonham's unique facts or claims. *See id.*

Its internal plaintiff-pleading-quotations were exclusively lifted from the GP Group petition, and various arguments and claims raised by Bonham were not substantively discussed or adequately briefed by the State for trial court determination.[20] This pending motion sought, among other relief, leave to amend its live pleading to add a petitioning property owner (in part because the State of Texas refuses to reveal how it will enforce SB 2038).[21]

## SUMMARY OF ARGUMENT

Many of the arguments in this lawsuit boil down to whether the Texas Legislature may use the clause "by operation of law" as a magic spell which prevents any meaningful judicial review of whether a statute containing those words conforms to the Texas Constitution.[22] The State Defendants achieved dismissal on the basis of a plea to the jurisdiction which, in essence, says that this clause has miraculous and unlimited power to wreak havoc in the governance of municipalities, destroy contractual exchanges of consideration, and nullify other statutes in a manner which prevents timely issuance of any declaratory judgment: it is the *failure* of the statute to provide enforcement authority to anyone at all which, per the State, makes it

---

[20] *See generally id.*; *see also see* Issue #2, Sec. B, *infra*.

[21] C.R. 8221-22 (Vol. 32, p. 155-56) and C.R. 8231 (Vol. 32, p. 165)(page from State's "disclosures").

[22] *See* Tex. Loc. Gov't Code §§ 42.105(d) and 42.155(b) (both newly created by SB 2038 and containing phrase "released by operation of law.")

8

impossible to challenge SB 2038 in this suit.[23] The State Defendants therefore substituted prevarication and waffling whether or not State agency or officials had *yet* taken actions to enforce SB 2038, without ever denying that per the statute, *any* of them can (and some have been) enforcing its provisions.[24]

In addition to the grounds for appeal that are common to all of the municipal plaintiffs and intervenors,[25] the trial court erred in issuing an ambiguous order on the State's Plea and closing the case without resolution of other pending matters specific to plaintiff-intervenor City of Bonham.

First, despite a timely motion by co-plaintiff-intervenor City of Anna to reform or modify the judgment, the trial court effectively and erroneously disposed of claims not directly contested by the State's Plea, without any known grounds.

Second, presuming *arguendo* that the trial court's determination regarding jurisdiction over the State Defendants was correct on the live

---

[23] C.R. 8231.

[24] *See, e.g.,* C.R. 9153-9198 ("City of Anna's TRCP 329b Motion to Modify Judgment and Alternative Motion for New Trial and Other Relief"). Within the City shows that prior to April 14, 2025, the TCEQ had been promulgating documents, conducting hearings, and creating new utility districts affecting territory within municipal ETJ in a manner which could only be justified through (unspoken) reliance on SB 2038. *See, e.g., id.* at 9165-66 (TCEQ order of Feb. 21, 2025, declaring land within MUD creation order to be outside of any municipal ETJ).

[25] *See* Issue 3+ content below.

9

pleadings, it was manifest error to close the case without first allowing Bonham and other plaintiffs an opportunity to amend to resolve whatever jurisdictional defect might have been identified.

Third, closure of the case was improper in light of Bonham's pending motions for leave to join additional parties.

Each of these reasons would independently warrant reversal or abrogation of the Apr. 14 Order, and reversal in favor of Bonham and/or remand to the trial court for further proceedings.

## ARGUMENT

As a preliminary matter, the central issues of the instant appeal do not require deep analysis of *if* the Texas Legislature has authority over how municipality's extraterritorial jurisdiction is determined or governed. Bonham recognizes that since ETJ was a creation of statute in the first instance, the Legislature enjoys great power to change the laws it has adopted. However, all statutes are subject to constitutional limitations and requisites with respect to *how* that legislative power is utilized, and ultimately it may be that the Legislature must modify some of the particulars of legislation such as SB 2038 in order to achieve lawful objectives of the original statute. These and other issues constitute the merits of Bonham's claims, and this appeal is

10

intended to allow those matters to be fully developed and considered in the trial court.

**Standard of Review**

The determination of whether a court has subject-matter jurisdiction over a claim is a question of law, which is reviewed by appellate courts *de novo.*[26] Governmental immunity deprives a trial court of subject matter jurisdiction for lawsuits unless the state has consented to suit.[27] "In reviewing a grant or denial of a plea to the jurisdiction by the trial court, the appellate courts must determine if the plaintiff's pleadings, construed in favor of the plaintiff, allege sufficient facts affirmatively demonstrating the court's jurisdiction to hear the case.[28] Evidence submitted with a plea to the jurisdiction is to be considered if it is central to a jurisdictional issue.[29] The party claiming immunity may submit evidence to rebut the pleadings and undermine any claimed waiver of immunity.[30]

"In sum, a court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when

---

[26] *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004).

[27] *Id.* at 224.

[28] *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012).

[29] *Id.* at 476.

[30] *Miranda*, 133 S.W.3d at 227.

necessary to resolve the jurisdictional issues raised."[31] A plaintiff bringing a claim against a government entity bears the burden of *alleging* facts that the trial court has subject matter jurisdiction over a case.[32] Only where the pleadings affirmatively negate the existence of jurisdiction may a plea to the jurisdiction be granted without allowing the plaintiff an opportunity to amend.[33] If a petition contains multiple claims, it should not be dismissed just because the court lacks jurisdiction over some of them.[34]

## Issue 1: ORDER ON STATE'S PLEA WAS OVERBROAD WITH RESPECT TO SEPARATE PLEADINGS OF BONHAM

Nearly fifty years ago, Texas' Fifth Court of Appeals put it quite plainly: "**What can be better established than the proposition that relief that has not been prayed cannot be granted?**"[35] Even under briefing rules which call for liberal construction of filings under principles of doing substantial justice, it is appropriate for courts to limit their grants of relief to the contours

---

[31] *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000), *overruled on other grounds by Tex. Dep't of Parks Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004).

[32] *Gulf Coast Waste Disposal Auth. v. Four Seasons Equip., Inc.*, 321 S.W.3d 168, 173 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

[33] *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

[34] *See generally Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006).

[35] *West End API Ltd. v. Rothplez*, 732 S.W.2d 371, 374 (Tex. App.—Dallas, writ ref'd n.r.e.).

of what the litigants actually seek by their pleadings.[36] Each plaintiff's claims must be assessed by reference to their own live pleadings, not through arguments or dispositive motions targeting those of another party.[37]

Also, under the applicable standards of review discussed *supra*, Bonham must only *allege facts* which demonstrate jurisdiction—*e.g.*, that it has suffered concrete injuries that are redressable by relief against a named defendant—in order to remain in the proceeding and to engage in further litigation. The *merits* of the plaintiff's claims—matters such as whether the events described by pleadings actually occurred, or whether they justify the relief requested as to particular defendants—are not before any court considering something like the State's Plea. "In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider *only* the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry."[38]

---

[36] *Id.* (citing *Tex. Prudential Ins. Co. v. Dillard*, 307 S.W.2d 242 (Tex. 1957)); *see also Mattox v. County Comm'rs Court*, 389 S.W.3d 464 (Tex. App.—Houston [14th Dist.] 2012, pet. denied)(finding error where trial court granted relief not requested by any party or supported by any summary-judgment ground).

[37] *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 398 (Tex. 2022)(not addressing standing issues in light of immunity defense requiring plaintiff be given opportunity to replead).

[38] *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Bonham believes it has raised multiple meritorious challenges to the constitutionality of SB 2038, but as this appeal arises from a ruling on a plea to the jurisdiction (rather than summary judgment), it appears untimely to brief them in detail. This includes, but is not limited

13

Recent Texas Supreme Court decisions have emphasized that "Texas law does not favor striking defective pleadings without providing plaintiffs an opportunity to replead."[39] In order for a plea to be granted without providing an opportunity for the plaintiff to amend as some jurisdictional deficiency which was found, a defendant must provide <u>evidence</u> demonstrating that it is "incurably" defective.[40]

## A. Content and Substance of State's Plea to Jurisdiction was Limited to Pleadings of Other Plaintiffs.

The only dispositive motion before the trial court which presented by the State Defendants was their Amended Plea to the Jurisdiction.[41] The prayer for relief within that filing was quite simple: "[State Defendants] respectfully reques[t] that this Court grant their Plea to the Jurisdiction and

---

to, the unconstitutional delegation of authority to suspend Tex. Loc. Gov't § 42.023 to private parties. *See generally Abbott v. City of El Paso*, 677 S.W.3d 800 (Tex. 2023) *vacated on other grounds by* 677 S.W.3d 914 (Tex. 2023)(finding appeal moot as executive order at issue had expired); *Brown Cracker & Candy Co. v. City of Dallas*, 137 S.W. 342 (Tex. 1911). Bonham is willing to provide whatever additional briefing this court might find warranted, but concurs with the Grand Prairie Group that it would likely necessitate additional time for drafting and suitable motions for leave to exceed word count limitations if all constitutional challenges are to be argued in detail.

[39] *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 397 (Tex. 2022).

[40] *See Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839-840 (Tex. 2007). A notable exception was discussed where pleadings alone demonstrate that a claim incurably falls outside any waiver of sovereign immunity. *Id.* at 840.

[41] C.R. at 9081-9082 (Vol. 40, p. 60-61) (Apr. 14 Order, listing matters before the court) herein); C.R. 8624-8652 (Vol. 36, p. 67-95)(amended plea to jurisdiction filed Jan. 2, 2025); *see also* C.R. 8653 (notice of hearing for same, filed Jan. 2, 2025).

dismiss *the Cities'* claims in their entirety with prejudice."[42] The term "the Cities" utilizes a capitalization format which is well understood to reference a specially defined term, but the State's Plea provides no definition or explanation.[43] Other than the case style, and one passing comment that "the Cities do not allege that the Attorney General has enforced or threatened to enforce SB 2038 against any Plaintiff City, *Intervenor*, or any other Texas municipality", there is no mention of Bonham or any other plaintiff who were in the suit on pleadings independent of the Grand Prairie Group.[44] Bonham made direct efforts to ensure the trial court was mindful of its separate pleadings prior to the issuance of the Apr. 14 Order by its filings.[45]

## B. Bonham's Unique Claims Were Never Challenged by State's Plea.

There are numerous material differences in the live pleadings of Bonham as compared to the Grand Prairie Group; it is not merely a matter of the same issues and arguments being presented by different counsel in

---

[42] C.R. 8647 (Vol. 36, p. 90)(italics added).

[43] *See generally* State's Plea.

[44] *Id.*; *see also* C.R. 8626 (quoted passage, italics added).

[45] *See, e.g.,* C.R. 8786 at ¶ 6 and n. 11 (p. 5 of "City of Anna's and City of Bonham's Response to Defendants' Pleas to the Jurisdiction"). "When evaluating the State's Plea, its merits must be considered with respect to each live pleading separately, as it should not be presumed that any pleading deficiencies (especially incurable defects) would be applicable to different documents." *Id.*, citing *City of New Braunfels v. Stop the Ordinances Please, et al.*, 2013 WL 692446 (Tex. App.—Austin, Feb. 21, 2023, no pet.).

alternative sequences or differing levels of detail.[46] While there is substantial overlap and various commonalities between these two pleadings—particularly where, as here, Bonham directly adopted certain arguments and authority presented by its co-plaintiff cities—entirely distinct and unique grounds for suit were also in Bonham's live pleading.[47]

The State's Plea is replete with references to other parties' live pleadings, including a number of direct quotations.[48] But it contains <u>zero</u> references to Bonham's live pleading or any quotations from Bonham's filings, which inherently clouded the issues before the trial court by conflating the various parties' true positions.[49] The following claims and issues presented in Bonham's live pleading but not within the 4th Am. Petition should have been outside the scope of the State's Plea, for lack of any appropriate request for relief or actual argument to the trial court when the matters were being heard:

---

[46] *Compare* Bonham's First Amended Petition in Intervention, C.R. 8446-8494 (Vol. 35, p. 3-51) *with* [Grand Prairie Group's] Fourth Amended Original Petition for Declaratory Relief, C.R. 6123-6186 (Vol. 24, p. 3-66).

[47] *See generally id.*; C.R. 8455 (at ¶ 24, Bonham's limited incorporation of material from Fourth Amended Petition by reference)

[48] *See, e.g.,* C.R. 8625 (two citations to 4th Am. Pet.); C.R. 8625 (three citations to same).

[49] *See generally* State's Plea.

- SB 2038 cannot be "self-executing" in the manner the State suggests (Sec. A);[50]
- SB 2038 is void for vagueness of clause "by operation of law" (Sec. C(i));[51]
- SB 2038 impermissibly intrudes on home rule authority (Section C(iii));[52]
- SB 2038 election provisions are **void** local and special laws due to cost-shifting provisions (Section C(iv))[53];
- SB 2038 cost-shifting provisions are **void** as improper private gifts of public funds (Sec. D)[54];

As is noted extensively throughout the plaintiffs' filings throughout this case, SB 2038 was adopted without any savings/severability clauses.[55] As such, if any single component of the law is found to be unconstitutional, the entire

---

[50] C.R. 8256-8258. Bonham recognizes that since the briefing in this case was submitted to the trial court, an opinion was issued in by the Texas Supreme Court in a different suit related to SB 2038. *See generally Elliott v. City of College Station*, ___ S.W.3d ___, 2025 WL 1350002 (Tex. May 9, 2025). While that opinion discusses the clause "by operation of law" as part of its reasoning, the question of whether such clauses function as magic spells which prevent judicial review for constitutionality was not before the *Elliott* court, and any implicit support for that conclusion should be considered merely dicta. *Id.* Bonham also notes that the opinion conflates declarative statutory statements regarding an action by a "municipality" (Tex. Loc. Gov't Code § 42.105(c) and § 42.155(a)), with "impos[ing] a mandatory duty on City officials"—despite there being no reference in those statutes to any municipal officials. Bonham would dispute that SB 2038 attempts to dictate the votes of individual members of its City Council, or that the Texas Legislature has the power to do so. *See generally* SB 2038; *City of Floresville v. Nissen*, 654 S.W.3d 11 (Tex. App.—San Antonio 2022, pet. denied)(intent to limit power of home rule cities must "appear with unmistakable clarity"). Voting by municipal officials is a form of speech and would be subject to First Amendment protections, even if there might be consequences for their municipality if they failed to accomplish some *result* called for by statute.

[51] C.R. 8460, ¶ 32 at bullet 3.

[52] C.R. 8462.

[53] C.R. 8462-8464.

[54] C.R. 8464-8465.

[55] *See, e.g,* C.R. 8465-8466 (Sec. E and F of Bonham's live pleading); *see generally* SB 2038.

17

statute should be declared unenforceable as void *ab initio*.[56] Whether or not the State's jurisdictional challenges are valid with respect to some of them, so long as one ground survives, its merits must be considered by the trial court in the first instance.

**C. April 14 Order Should Not Have Closed Entire Case.**

In keeping with its filings in the court below seeking modification of the Apr. 14 Order, Bonham does not contend that no part of the State's Plea addressed matters raised in its First Amended Petition, and recognizes that it was reasonable for the trial court to issue rulings on those claims common between the parties-plaintiff.[57] As such, Bonham does not argue it was error for *some portions* of its pleadings to be addressed through a trial court ruling on the State's Plea, but it was error to grant relief beyond the scope of the defendant's actual requests for relief or arguments.[58]

Bonham had claims within its live pleading that were not effectively challenged by the State's Plea, making the clause of the Apr. 14 Order

---

[56] *See generally* Tex. Gov't Code § 311.032(c). All of the adopted SB 2038 provisions are interdependent and part of the same statutory framework; even if a court should find the statute to be constitutional and enforceable in some respects, a constitutional infirmity in any part is fatal to the entire scheme.

[57] C.R. 9154-9155 (TRCP 329b Motion at p. 2-3).

[58] Co-plaintiff-intervenor Anna had proposed this error be corrected by specifying that the State's Plea targeted the 4th Am. Pet., as supplemented, and that the claims by intervenor-plaintiffs (including Bonham) as "asserted therein" were the matters subject to dismissal. C.R. 9154-9155.

reading "[t]his order resolves and pending claims and closes the case" premature.[59] This is particularly important where, as here, the order purporting to dispose of the case on a plea to the jurisdiction did *not* simultaneously deny all pending motions, and parties-plaintiff have motions for leave to amend pleadings and join additional parties awaiting decision in the court's docket. Accordingly, the Apr. 14 Order should be reversed in whole or in part and this case remanded for further proceedings.[60]

**Issue 2:    Remand is warranted for consideration of pending motions, pleading amendments, and joinder of additional defendants to forestall ongoing injuries injuring Texas municipalities via SB 2038.**

**A. Pending motions in court were implicitly denied, or deemed overruled by passage of time.**

Bonham timely submitted a motion for leave to amend its pleadings and join additional parties in the trial court, and allied co-plaintiff-intervenor City of Anna had sought related relief (collectively "Pending Motions"):

- Joint Motion for Leave to Amend Petition to Join Additional Parties by City of Bonham and City of Anna;[61]
- [City of Anna's] Motion to Modify, Correct, or Reform Judgment[62];

---

[59] *See* C.R. 9082 (conclusion of Apr. 14 Order).

[60] City of Anna's timely motion to modify the judgment to address this issue (*see* C.R. 9156 at ¶ 6) was subject to deemed denial by TRCP 329b(c).

[61] C.R. 8209-8233 (Vol. 32, p. 143-167). While it is represented in this appeal by common legal counsel, issues unique the City of Bonham are beyond the scope of this brief.

[62] C.R. 9153-9156 (Vol. 41, p. 3-6) (filed May 14, 2025).

- [City of Anna's] Alternative Motion for New Trial[63]

These Pending Motions stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the appellants' complaints.[64] The trial court has implicitly denied the Pending Motions requests by failing to provide any of the relief requested prior to these appellate proceedings. The Pending Motions included a motion for a new trial which was not determined by written order signed within 75 days from the Apr. 14 Order, as such, it is deemed overruled, and error has been properly preserved.[65]

## B. Bonham is entitled to amend pleadings, and potentially join additional necessary parties, before closure of the case.

Bonham cannot concede that the trial court was correct in finding that it lacked jurisdiction over the claims before it in the live pleadings, whether they were raised in the Grand Prairie Group's Fourth Amended Petition or

---

[63] C.R. 9156-57 (Vol. 41, p. 6-7)(filed May 14, 2025).

[64] Namely, that the Apr. 14 Order was overly broad in finding no jurisdiction existed over any of Anna's claims, and that no additional proceedings were warranted to join necessary parties before closing the case. *See generally* Pending Motions; Tex. Civ. Prac. & Rem. Code 37.006 (mandating joinder of all interested parties in declaratory judgment cases).

[65] C.R. 9156-57 (Vol. 41, p. 6-7). The 75th day after the signing of the Apr. 14 Order was June 28, 2025. *See* TRAP 33.1(b) (civil case preservation of error for both motions for new trial and motions to modify judgment if overruled) and TRCP 329b(c) (providing that motions for new trial are overruled unless "determined by written order signed within 75 days after the judgment is signed").

20

were within Bonham's alone.[66] In part, it is unavoidable due to the lack of detail in the Apr. 14 Order.[67]

But even presuming *arguendo* that jurisdictional defects existed as to each and every claim raised by Bonham, all Texas plaintiffs are entitled to amend their pleadings prior to a final dismissal. If the absence of a necessary party—such various subordinate agencies and officials within the State of Texas who are enforcing, or threatening to enforce, SB 2038 in a manner more direct than the instant appellees—it is long-established that a trial court "may and will" *by its own motion* stay proceedings until such parties are brought in "to properly adjust equities and prevent multiplicity of suits."[68]

Bonham anticipates that the State of Texas and other defendants will contend that remand for further proceedings is a waste of resources, since none of them are *expressly named* as enforcement agents in SB 2038.

---

[66] As noted *infra*, Bonham adopts and incorporates the authorities and legal reasoning set forth in the Grand Prairie Group's brief in this appeal with respect to the claims common between the Fourth Amended Petition and Bonham's independent pleading. In the interests of judicial economy, it does not repeat them here.

[67] The trial court used the single word "GRANTED" as the decision, followed by the direction that "all claims by Plaintiffs and Intervenor-Plaintiffs against [named defendants] are DISMISSED without prejudice." C.R. 9081 (Vol. 40, p. 60). The Grand Prairie Group's motion for summary judgment was denied "as moot because the court lacks jurisdiction", but it is impossible to determine what aspect of the various plaintiffs' separate pleadings was lacking. *See generally* C.R. 9081-82.

[68] *Ball v. Cundiff*, 127 S.W.2d 502 (Tex. Civ. App.—Fort Worth 1939, writ dism'd judgm't cor.).

21

Bonham would have preferred to have all necessary parties before the trial court to resolve the merits of SB 2038's validity last year. However, the State refuses to either plainly state that none of its constituent agencies or officials are empowered enforce SB 2038, or identify which parties would be suitable for inclusion in this suit—instead, Bonham and other plaintiff cities are met at every turn with prevarication and temporal obfuscation regarding how SB 2038 has affected the activities of state agents.

It has been extremely disappointing that thousands of pages of legal briefing is preferable to the State over providing substantive and non-evasive responses to matters as simple as *initial disclosures*. Co-plaintiff Grand Prairie obtained an order from the trial court to compel the State of Texas to provide jurisdictional discovery.[69] But rather than disclose information certainly known to the State with respect to who has power to enforce SB 2038 (if anyone does), only the following was provided[70]:

---

[69] C.R. 4742-43 ("Order Granting Plaintiffs' Motion to Compel Discovery", signed June 25, 2024). This order imposed a deadline of August 5, 2024 for the State of Texas to provide overdue mandatory disclosures, but only as to TRCP 194.2(b)(2) and 194.2(b)(12). *Id.*

[70] C.R. 8231 (Vol. 32, p. 165)(served Aug. 7, 2024). The content which follows between section divider lines appears as set forth therein.

22

## DEFENDANT'S INITIAL DISCLOSURES

(2) The name, address, and telephone number of any potential parties.

**RESPONSE:**

**The State of Texas is currently unaware of any potential parties because the Court lacks subject-matter jurisdiction over this suit. Notwithstanding the foregoing, other petitioners identified by Plaintiffs as submitting ETJ release petitions could be potential parties in the proper venue. At this time, the State of Texas is not aware of any state governmental entity or state official that has enforced or threatened enforcement of S.B. 2038 against any Plaintiff and is, thereby, a potential proper party.**

(12) The name, address, and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**

**The State of Texas is currently unaware of any potential responsible third parties.**

---

Rather than meet the call of the trial court's order, the State has elected to extend this litigation by providing only a circular, absurdist, non-substantive legal conclusions: it will not reveal its subordinate agency activities relating to SB 2038 because the State prefers to believe that there

is not jurisdiction.[71] Instead, it suggests that the necessary defendants are those "submitting ETJ release petitions" in reliance on an unconstitutional and incomplete statutory scheme adopted by the State of Texas.[72] This is antithetical to the objectives and requirements of the TDJA provisions stating "**all** persons who have or claim any interest that would be affected by the declaration **must** be made parties."[73]

Bonham, similar to the many other plaintiff-municipalities in this suit, had been hoping to forestall the necessity of dragging more landowners into prolonged constitutional litigation over SB 2038.[74] It does not seem to serve justice (or the interests of any Texans) for the Texas Legislature to adopt

---

[71] *See id.* at (2). Taken in the context of the instant case and Texas jurisprudence regarding third party responsibility, the response provided for (12) above is not surprising.

[72] *See id.*

[73] Tex. Civ. Prac. & Rem. Code § 37.006 (a) This statute does not describe a specific person who is responsible for taking actions to ensure the appropriate persons are "made parties." But the statute is mandatory in nature and the State—has knowledge of which of its constituent (and in many cases, legally identical) officials and departments "have or claim *any* interest" in the SB 2038 declarations sought by Bonham and others, and certainly could figure that out with little effort. While there may be reasonable basis to believe that the State is not obligated to submit its own filings to join these necessary parties in the instant suit, it should not be sufficient for the State to conceal mandatory disclosure information on the basis of a unilateral conclusion that jurisdiction doesn't exist.

[74] Defendant-intervenor LTTI is a landowner and ETJ-release petitioner as to the City of Denton (part of the GP Group). The State's desperate efforts to prevent timely evaluation of the merits of SB 2038 included striking the pleadings of LTTI, despite it being exactly the type of "potential party" they describe in their disclosures. *See* C.R. 8231.

24

incomplete laws without enforcement mechanisms or provisions assigning responsibility for necessary component tasks, thus baiting private parties into submitting ineffective petitions under an unconstitutional and incoherent scheme. Per the State, municipalities must drag petitioners into court to resolve what are essentially pure questions of law (with respect to constitutional limitations of Legislative authority), in service to some Legislative experiment in evading judicial review by creating statutes that are enforceable *by no one at all*. **This seems to be especially absurd result where the Texas Attorney General must be served with all such suits, is entitled to be heard, and has never disclaimed defense of the constitutionality of SB 2038.**[75] There is also no assurance that the State's preferred party-joinder approach would actually resolve the merits of the statute, as the landowner-petitioner might concede to a municipal suit prior to any published decision on the constitutionality of SB 2038. It would further contribute to a multiplicity of suits, with dozens of district judges hearing claims from cities all across Texas, and potentially require repetition in every

---

[75] *See* Tex. Civ. Prac. & Rem. Code § 37.006 (TDJA provision requiring AG service when statute is constitutionally challenged); *see also* Tex. Gov't Code § 402.021 (AG must prosecute and defend all actions "in which the state is interested" in appellate courts). This seems to compel the intervention of the State in any SB 2038-related case between a municipality and petitioner which involves constitutional issues (at the first appellate stage if not earlier).

individual Texas Court of Appeals to reach a single, statewide ruling on the validity of the statute. Bonham suggests that this court pay heed to what was said in *Ball v. Cundiff*:

> When in the development of the case it is found that additional parties are necessary in order to properly adjust equities and prevent multiplicity of suits, **the court of its own motion *may and will* stay proceedings** until such parties are brought in. Indeed it has been decided that **the court commits fundamental error in proceeding to a final judgment without the presence of essential parties**.[76]

It has been long established by the Texas Supreme Court that unless the pleadings "affirmatively demonstrate an *incurable* jurisdictional defect" it is appropriate to reverse and remand the case to provide an opportunity to amend pleadings.[77] **Plaintiffs are entitled to amend *after* a court rules on a plea to the jurisdiction.**[78] If the issue is merely a pleading deficiency, an opportunity to amend is described as "a matter of right."[79] As such, the Apr.

---

[76] *Ball,* 127 S.W.2d 502, 504 (Tex. Civ. App.—Fort Worth 1939, writ dism'd judgm't cor.)(italics and bold added); *citing* 32 Tex. Jur., par. 67, p. 105 (this statement is "sustained by numerous decisions cited").

[77] *County of Cameron v. Brown*, 80 S.W.3d 549, 558-59 (Tex. 2002).

[78] *Texas A&M Univ. Sys. V. Koseoglu*, 233 S.W.3d 835, 839-840 (Tex. 2007)(agreeing with court of appeals that "a plaintiff may stand on his pleadings in the face of a plea to the jurisdiction unless and until a court determines that the plea is meritorious.")(emphasis added); *see also* 167 S.W.3d 374 (Tex. App.—Waco 2005, *aff'd in part, rev'd in part* by 233 S.W.3d 835) (remanding case to trial court for further proceedings).

[79] *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002)(everything except demonstration of incurable defects in jurisdiction is "an issue of pleading sufficiency"); *see also Brown* at 558-59. (citing 7 William V. Dorsaneo III, Texas Litigation Guide § 70.03[4][f]).

Order should be reversed in whole or in part and the case remanded for further proceedings.

**Issue 3+:** ***Bonham incorporates by reference the Issues Presented by co-appellants City of Grand Prairie, et al., as to all those matters applicable to all Texas municipalities.***

Contemporaneously with Bonham's submission of this brief, the Grand Prairie Group is filing its appellant brief in this case, which discusses at length the facts and authority relating to the jurisdictional (standing) arguments of the State's Plea which were granted in the Apr. 14 Order. Rather than restate those matters herein (and in hopes of reducing the length of filings in a case which already features a quite voluminous record), Bonham adopts by reference, in accordance with TRAP 9.7, the following aspects of the Grand Prairie Group filings:

A. All factual allegations common to all Texas municipalities (*i.e.,* to the exclusion of factual allegations specific to certain municipalities joined in the GP Group brief);

B. Arguments and legal authorities relating to all issues of standing and sovereign immunity, including without limitation the "one-party standing" rule, but excluding those matters specific to the Aubrey Municipal Development District ("AMDD").

27

Should it appear necessary to avoid confusion of party positions and issues as the appellate proceedings continue, Bonham would file an amendment or supplement to this brief which provides greater specificity regarding the content it adopts herein once the referenced filing has been submitted by its co-plaintiff-appellants.[80]

To those incorporated arguments, Bonham would add or clarify the following particulars which relate to the standing and immunity issues implicated by this appeal:

1. Bonham does not claim status identical to the "Contract Cities" within the GP Group (Burleson, Aledo, and Hutto)[81], but likely is party to a variety of delayed-annexation agreements with local property owners.

2. Bonham does not adopt the arguments specific to the AMDD.

3. Bonham emphasizes that with respect to the applicable standards of review for Article III <u>standing</u> and the *Ex parte Young* <u>immunity</u> analysis, discussed in detail in the GP Group brief, that the standing threshold applicable to this appeal is least demanding of them. As

---

[80] *See generally* TRAP 38.7 (brief may be amended or supplemented whenever justice requires, on whatever terms the court may prescribe). Bonham respectfully requests that the court specify appropriate terms for additional briefing if further detail regarding its incorporation of other party's arguments is desired.

[81] In particular, Bonham does not believe that to date it has received an ETJ release petition which would affect a property currently subject to a delayed annexation agreement, which may set it apart from the GP Group "Contract Cities" in that sense.

28

such, the prevarications of the Texas Attorney General and artful temporal phrasing in their filings should not be sufficient to eliminate standing.

4. Bonham would emphasize that the posture of this case requires allegations in plaintiffs' pleadings to be taken as true, which it believes should include the allegations that constitutional injuries have occurred. Unless *evidence* is supplied by a defendant to that would negate the existence of jurisdiction, the Court need only look to the plaintiffs' pleadings. Stated another way: determinations of the constitutionality of SB 2038 are the merits of this case, which have yet to be considered by the trial court.[82]

5. Bonham substitutes its own Prayer for relief, provided *infra*.

## PRAYER

Bonham respectfully requests that this Court reverse the judgment of the trial court embodied by the Apr. 14 Order, and either render judgment denying the State's Plea in its entirety or in part, and/or remand the case to the court below for further proceedings regarding the claims outside of the

---

[82] *See generally* "Standard of Review", *supra*. By analogy, a defendant should not be able to negate jurisdiction in a Fourth Amendment excessive force case merely by arguing that the plaintiff's pleadings do not conclusively *prove* that the acts of violence alleged actually occurred and resulted in plaintiffs' injury, or failing to carry some burden of persuasion regarding the merits of their claims.

State's Plea, resolution of the Pending Motions, and to provide Bonham and other plaintiffs with their right to amend their pleadings, and ultimately for determination of the enforceability of SB 2038.

Respectfully Submitted,

/s/ David Overcash
David Overcash

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of Appellant's Brief, via the Court's CM/ECF system on August 15, 2025.

/s/ David Overcash
David Overcash

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains less than 6,500 words, as determined by the computer software's word-count function, excluding the sections of the documents listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ David Overcash
David Overcash

# APPENDIX

SB 2038............................................................ 1

Order on Pending Motions (Apr. 14, 2025) ........................ 2



Eighty-Eighth Texas Legislature, 2023 Regular Session

S.B. No. 2038

RELEASE OF AN AREA FROM A MUNICIPALITY'S EXTRATERRITORIAL JURISDICTION BY PETITION OR ELECTION

AN ACT

relating to release of an area from a municipality's extraterritorial jurisdiction by petition or election.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1. Chapter 42, Local Government Code, is amended by adding Subchapters D and E to read as follows:

SUBCHAPTER D. RELEASE OF AREA BY PETITION OF LANDOWNER OR RESIDENT FROM EXTRATERRITORIAL JURISDICTION

[Note: TX LOCAL GOVT § 42.101]

Sec. 42.101. APPLICABILITY. This subchapter does not apply to an area located:

(1) within five miles of the boundary of a military base, as defined by Section 43.0117, at which an active training program is conducted;

(2) in an area that was voluntarily annexed into the extraterritorial jurisdiction that is located in a county:

(A) in which the population grew by more than 50 percent from the previous federal decennial census in the federal decennial census conducted in 2020; and

(B) that has a population greater than 240,000;

(3) within the portion of the extraterritorial jurisdiction of a municipality with a population of more than 1.4 million that is:

(A) within 15 miles of the boundary of a military base, as defined by Section 43.0117, at which an active training program is conducted; and

(B) in a county with a population of more than two million;

(4) in an area designated as an industrial district under Section 42.044; or

(5) in an area subject to a strategic partnership agreement entered into under Section 43.0751.

[Note: TX LOCAL GOVT § 42.102]

Sec. 42.102. AUTHORITY TO FILE PETITION FOR RELEASE. (a) A resident of an area in a municipality's extraterritorial jurisdiction may file a petition with the municipality in accordance with this subchapter for the area to be released from the extraterritorial jurisdiction.

(b) The owner or owners of the majority in value of an area consisting of one or more parcels of land in a municipality's extraterritorial jurisdiction may file a petition with the municipality in accordance with this subchapter for the area to be released from the extraterritorial jurisdiction.

[Note: TX LOCAL GOVT § 42.103]

Sec. 42.103. APPLICABILITY OF OTHER LAW. Chapter 277, Election Code, applies to a petition requesting removal under this subchapter.

[Note: TX LOCAL GOVT § 42.104]

Sec. 42.104. PETITION REQUIREMENTS. (a) A petition requesting release under this subchapter must be signed by:

(1) more than 50 percent of the registered voters of the area described by the petition as of the date of the preceding uniform election date; or

(2) a majority in value of the holders of title of land in the area described by the petition, as indicated by the tax rolls of the applicable central appraisal district.

(b) A person filing a petition under this subchapter must satisfy the signature requirement described by Subsection (a) not later than the 180th day after the date the first signature for the petition is obtained.

(c) A signature collected under this section must be in writing.

(d) The petition must include a map of the land to be released and describe the boundaries of the land to be released by:

(1) metes and bounds; or

(2) lot and block number, if there is a recorded map or plat.

[Note: TX LOCAL GOVT § 42.105]

Sec. 42.105. RESULTS OF PETITION. (a) A petition requesting removal under this subchapter shall be verified by the municipal secretary or other person responsible for verifying signatures.

(b) The municipality shall notify the residents and landowners of the area described by the petition of the results of the petition. The municipality may satisfy this requirement by notifying the person who filed the petition under Section 42.102.

(c) If a resident or landowner obtains the number of signatures on the petition required under Section 42.104 to release the area from the municipality's extraterritorial jurisdiction, the municipality shall immediately release the area from the municipality's extraterritorial jurisdiction.

(d) If a municipality fails to take action to release the area under Subsection (c) by the later of the 45th day after the date the municipality receives the petition or the next meeting of the municipality's governing body that occurs after the 30th day after the date the municipality receives the petition, the area is released by operation of law.

(e) Notwithstanding any other law, an area released from a municipality's extraterritorial jurisdiction under this section may not be included in the extraterritorial jurisdiction or the corporate boundaries of a municipality, unless the owner or owners of the area subsequently request that the area be included in the municipality's extraterritorial jurisdiction or corporate boundaries.

SUBCHAPTER E. RELEASE OF AREA BY ELECTION FROM EXTRATERRITORIAL JURISDICTION

[Note: TX LOCAL GOVT § 42.151]

Sec. 42.151. APPLICABILITY. This subchapter does not apply to an area located:

(1) within five miles of the boundary of a military base, as defined by Section 43.0117, at which an active training program is conducted;

(2) in an area that was voluntarily annexed into the extraterritorial jurisdiction that is located in a county:

(A) in which the population grew by more than 50 percent from the previous federal decennial census in the federal decennial census conducted in 2020; and

(B) that has a population greater than 240,000;

(3) within the portion of the extraterritorial jurisdiction of a municipality with a population of more than 1.4 million that is:

(A) within 15 miles of the boundary of a military base, as defined by Section 43.0117, at which an active training program is conducted; and

(B) in a county with a population of more than two million;

(4) in an area designated as an industrial district under Section 42.044; or

(5) in an area subject to a strategic partnership agreement entered into under Section 43.0751.

[Note: TX LOCAL GOVT § 42.152]

Sec. 42.152. AUTHORITY TO REQUEST ELECTION FOR RELEASE. (a) A resident of an area in a municipality's extraterritorial jurisdiction may request the municipality to hold an election in accordance with this subchapter to vote on the question of whether to release the area from the municipality's extraterritorial jurisdiction by filing with the municipality a petition that includes the signatures of at least five percent of the registered voters residing in the area as of the date of the preceding uniform election date.

(b) A resident may not request another election on the question of releasing the same or substantially same area from the municipality's extraterritorial jurisdiction before the second anniversary of the date the municipality receives a petition filed under Subsection (a).

(c) The petition must include a map of the land to be released and describe the boundaries of the land to be released by:
(1) metes and bounds; or

(2) lot and block number, if there is a recorded map or plat.

[Note: TX LOCAL GOVT § 42.153]

Sec. 42.153. ELECTION. (a) Except as provided by Section 42.156, a municipality shall order an election on the question of whether to release an area from the municipality's extraterritorial jurisdiction to be held on the first uniform election date that falls on or after the 90th day after the date the municipality receives a petition that complies with Section 42.152.

(b) The municipality shall hold the election ordered under this section in the area described by the petition at which the qualified voters of the area described by the petition may vote on the question of the release.

(c) An election ordered under this section must be held in the same manner as general elections of the municipality. The municipality shall pay for the costs of holding the election.

[Note: TX LOCAL GOVT § 42.154]

Sec. 42.154. RESULTS OF ELECTION. (a) The governing body of a municipality shall canvass the election returns for an election held under this subchapter in accordance with Chapter 67, Election Code.

(b) Not later than 48 hours after the canvass of an election held under this subchapter, the municipality shall notify the residents of the area proposed to be released from the municipality's extraterritorial jurisdiction of the results of the election. The municipality may satisfy this requirement by notifying the person who filed the petition under Section 42.152.

[Note: TX LOCAL GOVT § 42.155]

Sec. 42.155. RELEASE OF AREA AS RESULT OF ELECTION. (a) If at the election held under this subchapter a majority of qualified voters of the area to be released approve the proposed release, the municipality shall immediately release the area from the municipality's extraterritorial jurisdiction.

(b) If the municipality fails to take action to release the area under Subsection (a) by the later of the next meeting of the municipality's governing body or the 15th day after the canvass date for the election, the area is released by operation of law.

(c) Notwithstanding any other law, an area released from a municipality's extraterritorial jurisdiction under this section may not be included in the extraterritorial jurisdiction or the corporate boundaries of a municipality, unless the owner or owners of the area subsequently request that the area be included in the municipality's extraterritorial jurisdiction or corporate boundaries.

[Note:  TX LOCAL GOVT § 42.156 ]

Sec. 42.156. VOLUNTARY RELEASE. Instead of holding an election under Section 42.153, the municipality may voluntarily release the area for which the election is to be held from the municipality's extraterritorial jurisdiction before the date on which the election would have been held under Section 42.153(a).

SECTION 2. Section 42.021, Local Government Code, is amended by adding Subsection (e) to read as follows:

[ Note:  TX LOCAL GOVT § 42.021]

(e) An annexation commenced after January 1, 2023, does not expand the extraterritorial jurisdiction of a municipality unless contemporaneously with the annexation the owner or owners of the area that would be included in the municipality's extraterritorial jurisdiction as a result of the annexation request that the area be included in the municipality's extraterritorial jurisdiction.

SECTION 3. Section 242.001, Local Government Code, is amended by adding Subsection (j) to read as follows:
(j) If an area subject to an agreement under Subsection (c) is removed from a municipality's extraterritorial jurisdiction, the agreement is terminated as to the area and the county is the political subdivision authorized to regulate subdivisions in the removed area.

[Note: TX LOCAL GOVT § 42.021]

SECTION 4. A municipality shall release extraterritorial jurisdiction acquired from an annexation commenced after January 1, 2023, as necessary to comply with Section 42.021(e), Local Government Code, as added by this Act.

SECTION 5. This Act takes effect September 1, 2023.

Passed the Senate on April 27, 2023: Yeas 20, Nays 11; the Senate concurred in House amendments on May 8, 2023: Yeas 20, Nays 11; passed the House, with amendments, on May 3, 2023: Yeas 127, Nays 18, one present not voting.

**Approved May 19, 2023.**

**Effective September 1, 2023.**

04/14/2025 09:33:24 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-23-007785

CAUSE NO. D-1-GN-23-007785

| | | |
|---|---|---|
| CITY OF GRAND PRAIRIE *et al.*, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| and CITY OF BROWNSVILLE, *et al.*, | § | TRAVIS COUNTY, TEXAS |
| *Intervenor-Plaintiffs,* | § | |
| | § | |
| v. | § | 261ST JUDICIAL DISTRICT |
| | § | |
| The STATE OF TEXAS, *et al.*, | § | |
| | § | |
| *Defendants,* | § | |
| | § | |
| and 2020 Long Tail Trail Investments, LLC, | § | |
| *Intervenor-Defendant.* | § | |

---

## ORDER ON PENDING MOTIONS

---

Before the Court is State Defendants' Amended Plea to the Jurisdiction, the State's Motion to Strike 2020 Long Tail Trail Investments, LLC's Original Petition in Intervention, Plaintiffs' Motion for Leave to File Supplemental Petition, Plaintiffs' Amended Motion for Summary Judgment, and Long Tail's Amended Motion for Summary Judgment. Upon consideration of the Motions, the Court has determined each the following:

IT IS HEREBY ORDERED that:

- Plaintiffs' Motion for Leave to File Supplemental Petition is GRANTED;

- The State's Motion to Strike 2020 Long Tail Trail Investments, LLC's Original Petition in Intervention is GRANTED;

- State Defendants' Amended Plea to the Jurisdiction is GRANTED and all claims by Plaintiffs and Intervenor-Plaintiffs against the State of Texas, Attorney General Ken Paxton, Comptroller Glenn Hegar, and the Office of Comptroller of Public Accounts are DISMISSED without prejudice.

IT IS FURTHER ORDERED that:

- Plaintiffs' Amended Motion for Summary Judgment is DENIED as moot because the court lacks jurisdiction.

- Long Tail Trail's Amended Motion for Summary Judgment is DENIED as moot because the Court grants the State's Motion to Strike the Intervention.

This order resolves all pending claims and closes the case.


SIGNED on this the __14th__ day of __April_____, 2025.


_____
JUDGE MARIA CANTÚ HEXSEL

AGREED AS TO FORM AND SUBSTANCE:

*/s/ Allison Collin by permission*
Allison Collins
Assistant Attorney General
State Bar No. 24127467
Counsel for State of Texas
Defendant


AGREED AS TO FORM (ONLY):


*/s/ Timothy A. Dunn*
Timothy A. Dunn
Attorney
State Bar No. 24050542
Counsel for Plaintiff Cities


*/s/ William Thompson by permission*
William Thompson
Attorney
State Bar No. 24088531
Counsel for Intervenor 2020 Long Tail Trail Investments, LLC


_____
David Overcash
Attorney
State Bar No. 24075516
Counsel for Intervenors City of Anna and City of Bonham


_____
Matthew L. Weston
Attorney
State Bar No. 24037698
Counsel for Intervenor City of Cibolo

*/s/ Lena Chaisson-Munoz by permission*

Lena Chaisson-Munoz
Attorney
State Bar No. 24044743
Counsel for Intervenor City of Brownsville

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Crystal Adams on behalf of David Overcash
Bar No. 24075516
cadams@wtmlaw.net
Envelope ID: 104452265
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief of Appellant - Intervenor Plaintiff City of Bonham
Status as of 8/15/2025 4:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Allison Collins | 24127467 | Acollins@fosterswift.com | 8/15/2025 3:51:14 PM | SENT |
| Lena Chaisson-Munoz | | lena.munoz@brownsvilletx.gov | 8/15/2025 3:51:14 PM | SENT |
| Raymond Abarca | | Raymond.Abarca@oag.texas.gov | 8/15/2025 3:51:14 PM | SENT |
| Cole Wilson | | Cole.Wilson@oag.texas.gov | 8/15/2025 3:51:14 PM | SENT |
| Will S.Trevino | | will.trevino@brownsvilletx.gov | 8/15/2025 3:51:14 PM | SENT |
| Sherry  Brown | | sherry@txmunicipallaw.com | 8/15/2025 3:51:14 PM | SENT |
| Andy  Messer | | andy@txmunicipallaw.com | 8/15/2025 3:51:14 PM | SENT |
| Brad Bullock | | brad@txmunicipallaw.com | 8/15/2025 3:51:14 PM | SENT |
| Timothy Dunn | | Taddunn@txmunicipallaw.com | 8/15/2025 3:51:14 PM | SENT |
| Todd Disher | | todd@lehotskykeller.com | 8/15/2025 3:51:14 PM | SENT |
| William Thompson | | will@lkcfirm.com | 8/15/2025 3:51:14 PM | SENT |
| Cole Wilson | | cole.wilson@oag.texas.gov | 8/15/2025 3:51:14 PM | SENT |
| Guillermo  Trevino | | will.trevino@brownsvilletx.gov | 8/15/2025 3:51:14 PM | SENT |
| Lena Chaisson-Munoz | | lena.munoz@brownsvilletx.gov | 8/15/2025 3:51:14 PM | SENT |
| George Hyde | | ghyde@txlocalgovlaw.com | 8/15/2025 3:51:14 PM | SENT |
| Matthew Weston | | mweston@txlocalgovlaw.com | 8/15/2025 3:51:14 PM | SENT |
| David  Overcash | | david.overcash@wtmlaw.net | 8/15/2025 3:51:14 PM | SENT |
| Clark McCoy | | cmccoy@wtmlaw.net | 8/15/2025 3:51:14 PM | SENT |